AFFILIATED MANAGEMENT CORPORATION, Affiliated Services, Inc., Affiliated General Agency, Inc., and Robin Supply Corporation, Appellants,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 50483.

Supreme Court of Oklahoma.

Oct. 11, 1977.

Paul R. Hodgson, Tulsa, for appellants.

Donald B. Nevard, Gen. Counsel, Oklahoma Tax Commission and Stanley J. Alexander, Oklahoma City, for appellee.

---

BARNES, Justice.

Appellants, Affiliated Management Corporation, Affiliated Services, Inc., Affiliated General Agency, Inc., and Robin Supply Corporation, appeal from Order No. 64,008 of the Oklahoma Tax Commission (Commission) styled "In the Matter of the 1971 Income Tax Protest of Affiliated Management Corporation, Affiliated Services, Inc., Affiliated General Agency, Inc. and Robin Supply Corporation, Case No. 3765".

The issue before this Court is whether fiscal year taxpayer, whose tax year begins prior to January 1, 1971, and ends during the year 1971, may compute his tax liability entirely upon the basis of the law as it existed prior to January 1, 1971.

The case was submitted on a stipulation of facts by the parties. Appellants are all fiscal year taxpayers who filed their corporate income tax returns for the fiscal year ending in 1971 entirely on the basis of the law as it existed prior to 1971. Upon audit by the Commission, the Appellants were assessed additional income taxes. The taxes and interest assessed have been paid by Appellants under protest. This appeal stands properly perfected to this Court. Appellants seek a reversal of the Commission's order and a holding that they are entitled to calculate their income tax for the fiscal years ended in 1971 under the 1965 Oklahoma Income Tax Act.

The Commission's order, rendered on November 30, 1976, found the Income Tax Act of 1971, which repealed the old law existing in 1970 (68 O.S. § 2381), is applicable to a taxpayer whose year began in 1970 and ended in 1971; that 68 O.S.1971, § 2381, does not allow or permit the taxpayer to compute his tax liability entirely under the 1965 Oklahoma Income Tax Act; and that the word "may", as employed in § 2381, is mandatory in employing only the two options incorporated into the statute.

Title 68 O.S.1971, § 2381, provides as follows:

"§ 2381. Applicability of act to taxable years

"The provisions of this act shall apply to all taxpayers whose taxable year be-gins on and after January 1, 1971; *provided, however,* that in respect to any taxpayer whose taxable year begins in 1970 and ends in 1971, such taxpayer *may, at his option,* determine his tax under this act or compute his tax liability for such fiscal year ending in 1971, by using the sum of the computations of 1. and 2. as follows:

"1. The tax computed under the provisions of the law applicable to the calendar year 1970, multiplied by the ratio of the number of months of the year in 1970, to the total number of months of the taxable year.

"2. The tax computed under the provisions of this law applicable to the calendar year 1971, multiplied by the ratio of the number of months of the year in 1971, to the total number of months of the taxable year." (Emphasis ours)

Appellants contend that the 1971 Oklahoma Income Tax Act is not applicable to a taxpayer whose taxable year began in 1970 and ended in 1971, but is only applicable to taxpayers whose taxable year begins on and after January 1, 1971. Appellants argue the provisional language of § 2381, supra, allows a taxpayer whose taxable year began in 1970 and ended in 1971 to compute its tax liability under the law as it existed at the beginning of the corporate tax year in question, i.e., the 1965 Oklahoma Tax Act.

The Commission, on the other hand, contends the 1971 Act is applicable to a taxpayer whose taxable year began in 1970 and ended in 1971; that under § 2381 a fiscal year taxpayer may at his option determine tax liability entirely under the 1971 Act, or partly under the old law (the 1965 Act) and partly under the new 1971 Act, prorating it on the months in each particular year. Commission argues there is not a "third" option available to compute the tax liability based entirely under the old law.

The Tax Commission based its order on the Attorney General's Opinion of February 21, 1975, Op. No. 74–210, which held: "The taxpayer whose taxable year began in 1970

and ended in 1971 cannot compute his taxes based entirely under the law as it existed in 1970."

Appellants bring this appeal urging as error: (1) The 1971 Tax Act was not applicable to tax years before 1971 unless the taxpayer elected "at his option" to apply it; (2) the term "may" in § 2381 is used in the permissive, not the mandatory, sense when qualified with "at his option"; and (3) Tax Commission failed to recognize that the statutes are to be strictly construed against the State.

The general rule to be applied in the construction of tax statutes requires that the primary consideration be to ascertain and give effect to the intention of the Legislature. Tax statutes are to be given a reasonable construction with a view of carrying out the legislative purpose and intent, and such intention is to be determined from the language of the entire act.

Appellants, in our view, arrive at their contentions by interpreting the words "provided", "may", and "at his option" in § 2381 out of context and fail to interpret the meaning of the statute in its entirety. Therefore, we consider it unnecessary to discuss the cases cited by Appellants defining such terms.

We have carefully read the briefs and arguments of both parties herein. We find persuasive Attorney General Op. 74–210 and think it comports with the plain, unambiguous language of the statute, thus bringing Appellants, fiscal year taxpayers, within the provision of the 1971 Income Tax Act.

In summary, upon reading § 2381 in its entirety, it appears to us that it was the legislative intent in enacting the Act that all those taxpayers whose taxable years begin on or after January 1, 1971, would be subject to the new Act; for those taxpayers whose taxable year begins in 1970 and ends in 1971, there are two choices, i.e., computing all their taxes under the new Act, or computing their taxes for the months in 1970 under the old Act, and the taxes for the months in 1971 under the new Act.

We, therefore, hold the Commission's assessment was proper.

AFFIRMED.

All the Justices concur.