In the Matter of the protest of MID AMERICA PETERBILT and Taylor and Martin, Inc., License Fee Required of Nonresidents on Motor Vehicles For Sale, Resale or Trade.

No. 50541.

Supreme Court of Oklahoma.

April 10, 1979.

Marjorie Patmon, Gen. Counsel, Stanley J. Alexander, Robert H. Levy, Legal Aide, Oklahoma City, for appellee.

Clair E. Leise, Chapman & Leise, Omaha, Neb., for Taylor and Martin, Inc.

John C. Harrington, Jr., Lytle, Soule & Emery, Oklahoma City, for Mid America Peterbilt Trucks.

HARGRAVE, Justice:

Petitioner Mid America Peterbilt is a corporation with its principal place of business in Joplin, Missouri and is engaged in the business of selling trucks. Petitioner Taylor and Martin is the agent for various other non-resident owners of trucks. Petitioners brought non-resident used truck-tractors and trailers into the State of Oklahoma for the purpose of reselling the vehicles at an auction in Tulsa on December 10, 1975. Prior to the sale of the vehicles, the Oklahoma Tax Commission notified petitioners that they would be required to register and license the vehicles with the state before the vehicles could be sold here. At the time of the sale in Oklahoma, the tractors and trailers had been in the State of Oklahoma for approximately thirty days.

Petitioners attempted to purchase only a three dollar ($3.00) towing permit for each vehicle under the provisions of 47 O.S. 1971 § 22.5k(8). This section reads:

"Any person pulling or towing any vehicle intended to be resold, into or through this State, shall pay a fee of Three Dollars ($3.00) for the vehicle towing and Three Dollars ($3.00) for the one being towed. * * *"

Petitioners argue that the above provision, coupled with a like provision in 47 O.S. 1971 § 22.12, sets out an exemption for such vehicles from the general annual registration requirements provided by 47 O.S. 1971 § 22.3 et seq.

The Tax Commission required that, in addition to the $3.00 per vehicle fee, the truck-tractors and trailers be registered in Oklahoma based on a fee proportionate to one-fourth the annual registration fee for trucks. The figure of one-fourth was used because the auction occurred in the latter quarter of 1975. Petitioners paid the amount under protest and filed a claim for a refund of the amounts paid in excess of $3.00 per vehicle. A protest hearing was held before the Oklahoma Tax Commission on June 30, 1976 and the Tax Commission entered an order on December 14, 1976, denying petitioners claim for refund.

The Tax Commission held that the provisions of 47 O.S. 1971 § 22.18 were controlling and thus required the registration of a used vehicle before it may be sold in the State of Oklahoma. The Commission also found that the license fee for such registration must be paid at the same rate a resident of the State of Oklahoma must pay. The $3.00 towing fee, the Commission held, is to be paid in addition to the licensing fee.

The Tax Commission claims that the $3.00 towing fee is not a fee to be paid in lieu of registration and licensing in the

State of Oklahoma, but that considering the provisions of 47 O.S. 1971 §§ 22.18, 22.5k(8), all non-resident vehicles, unless specifically exempted in the Act, are required to be registered, an Oklahoma title obtained and licensed according to the provisions of the Motor Vehicle License and Registration Act (47 O.S. 1971 § 22, *et seq.*).

The issue thus presented on appeal is whether the Tax Commission erred in its interpretation of the above-cited provisions of the Motor Vehicle License and Registration Act which would require non-resident owners of used truck-tractors and trailers, who are in the business of selling trucks, to register such vehicles brought into the State of Oklahoma for the purpose of resale. We hold that the Tax Commission did not err in its interpretation of the Act.

■ It is well-settled that in construing statutes, the Courts take into consideration the intent and purposes of the entire Act and, if possible, make such construction as will give effect to all sections of the Act. *Kendall v. Oklahoma Tax Commission*, 283 P.2d 511 (Okl.1955).

Title 47 O.S. 1971 § 22.5k provides for license fees to be assessed on commercial trucks, truck-tractors, trailers, and semi-trailers after registration thereof with the Commission and also for towing fees and lien priority. This section is not limited to residents, but applies to "each truck or truck-tractor which is not used primarily for farm use . . ." and "each commercial trailer and semitrailer designed to be pulled and usually pulled by a truck or truck-tractor . . ." It is provided that the license fees on such vehicles shall be based on their combined laden weights as set out in the section. Paragraph (2) of 47 O.S. 1971 § 22.5k specifically provides that in addition to the fees required in the preceding paragraph of the section, an annual registration fee of $20.00 shall be paid on each commercial trailer and semi-trailer designed to be pulled and usually pulled by a truck or truck-tractor taxed in the first two paragraphs of that statute.

■ Thus 47 O.S. 1971 § 22.5k provides for its licensing and registration fees for both commercial truck-tractors and trailers such as those involved in this appeal, unless there exists a specific provision exempting such vehicles from the provisions of § 22.5k. Petitioners would have us believe that 47 O.S. 1971 § 22.5k(8) is such an exemption. With this contention we cannot agree. We interpret the towing fee as a separate fee designed to compensate the state for the use of its highways by towed vehicles. Such fee is not designed to operate as an exemption from the registration and licensing requirements because the towing fee is not limited to non-residents but specifies "any person pulling or towing a vehicle intended to be resold, into or through" thus an Oklahoma used truck dealer would be required to pay the $3.00 per vehicle fee also.

■ Petitioners place their primary emphasis upon a proviso in § 22.12 which again refers to the $3.00 towing fee. Section 22.12 deals with non-resident registration. Two specific exemptions do exist in § 22.12 with regard to non-resident vehicles, but the vehicles in the case at bar fall into neither of these specific exemptions. The first paragraph of § 22.12 provides for a special limited registration for non-resident automobiles, motorcycles or house-trailers visiting in the state, and which are properly registered and licensed for the current year in their native state. Under these conditions, a non-resident vehicle of the named classes visiting in the state may specially register within fifteen days after arrival and such special registration without fee shall be effective for a period of sixty days. If, after the expiration of the sixty day grace period, the non-resident automobile remains in the state or reenters the State of Oklahoma, the vehicle is subject to the general registration requirements. The second paragraph of 47 O.S. 1971 § 22.12 provides a specific exemption period for non-resident commercial trucks and trailers. This provision requires that commercial vehicles register just the same as domestic vehicles, except that if the non-resident commercial vehicle is duly registered and licensed in its

native state, the vehicle may be allowed to make not more than two trips per calendar month and remain on each trip not more than seventy-two hours on each trip without being registered in Oklahoma. This exemption is also conditioned upon the vehicle's native state granting reciprocal privileges to Oklahoma residents.

The proviso in 47 O.S. 1971 § 22.12 upon which petitioners rely as a specific exemption for vehicles brought into the state for sale or resale is found in paragraph two. The sentence reads:

". . . Provided however, none of the provisions of this section shall apply to or exempt the operator, owner or lessee of any motor vehicle being driven under its own power, or towed or otherwise transported by being attached or coupled to some other vehicle from or through this State over the highways thereof, for the purpose of sale, resale or trade, but each such motor vehicle shall be required to pay a fee of three dollars ($3.00) as hereinbefore provided."

We believe this proviso is a specific exclusion of trucks and trailers from the *exemption* from registration of the first proviso of that paragraph, allowing non-residents two trips of less than seventy-two hours per month within the state. It is intended to emphasize that the provisions of 47 O.S. 1971 § 22.12 shall not be construed as exempting the vehicles for sale or resale from the payment of the towing fee as provided in § 22.5k(8). The proviso in question makes clear that the non-resident exceptions embraced by § 22.12 shall not apply to vehicles being brought into or through the state for the purposes of resale or trade *and* to make clear that neither are such vehicles exempted from the towing fee.

Obviously, the exemptions in § 22.12 are very narrow exceptions, manifesting legislative grace in these two situations where reciprocal privileges are granted to Oklahoma residents. No further attempt is made to more broadly exempt non-resident vehicles. Indeed the very proviso of 47 O.S. 1971 § 22.12 upon which petitioners rely expresses the contrary intention.

Title 47 O.S. 1971 § 22.12a provides for a temporary registration for non-resident trucks when used in the state for a period not to exceed 90 days for hire or commercial purposes. The requirements under this exemption are that the non-resident owner must file an application immediately upon entering the state and register at a license fee based upon one-eighth, one-fourth, or three-eighths of the annual fee, depending upon the duration of the vehicle's stay in Oklahoma. The section specifically states that this registration procedure is to be *in lieu of* obtaining the annual registration and license for such vehicles. Once again, this exemption is conditioned upon the other state granting reciprocal provisions for Oklahoma residents. By specifically providing that 47 O.S. 1971 § 22.12a is an in lieu of registration provision, the legislature intended that, outside these specific narrow circumstances, such vehicles would be required to register the same as a domestic vehicle.

■ We will not read into a statute exceptions that are not made therein by the Legislature. This basic rule of construction is stated in *Seventeen Hundred Peoria, Inc. v. City of Tulsa, Okl.,* 422 P.2d 840 (1966) wherein this Court stated:

"The rule of construction of statutes and ordinances, to which all other rules are subordinate, is to ascertain the intention of the enacting body, and this should ordinarily be done by consideration of the language of the statute or ordinance, and the courts should not read into a statute exceptions not made therein."

■ We think the Tax Commission incorrectly placed primary emphasis on 47 O.S. 1971 § 22.18 as providing the basis for requiring petitioners to register their trucks. That section is a general enforcement provision; penal in nature. Such section is not appropriately used as the basis or rationale for the tax, but rather sets out what will happen if vehicles are not registered and licensed according to the provisions of the Act. Petitioners correctly assume that the part of 47 O.S. 1971 § 22.18 which says, "as hereinbefore provided" refers us back to

other portions of the Act for the specific registration required in each instance. We find that in the absence of a specific exemption for non-resident vehicles brought into the state for resale, such vehicles were properly taxed according to the provisions of § 22.5k at one-fourth the regular minimum registration fee for truck tractors and trailers.

We reject petitioners' contention that a licensing and registration fee imposed on these vehicles constitutes a violation of the Commerce Clause of the Federal Constitution by discriminating against non-resident vehicles brought into the state for the purposes of sale or resale by residents or non-residents. We observe that the licensing and registration requirement applies equally to all vehicles operated or sold in the State of Oklahoma, except those which are specifically exempted by statute. Any vehicle that is brought into the state for resale, if not already registered in Oklahoma, must be registered before it can be sold under the provisions of 47 O.S. 1971 § 22.15A(c). This applies to dealers who are residents of the State of Oklahoma as well as to non-resident owners who bring trucks and trailers into the state for resale in this state. Title 47 O.S. 1971 § 22.15A(c) states:

"... Provided, that such used vehicle [identification] license plate *shall* be removed from such vehicle upon reaching the place of business of the used car dealer in this state and such vehicle shall immediately be registered and an Oklahoma title and license plate obtained therefor, as elsewhere required by law." (Emphasis supplied).

THE ORDER OF THE TAX COMMISSION IS AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, SIMMS, DOOLIN and OPALA, JJ., concur.