STATE of Indiana ex rel. SHELBY-VILLE NEWSPAPERS, INC., and John C. DePrez, Relators,

v.

The SHELBY SUPERIOR COURT, the Shelby Juvenile Court and the Honorable George R. Tolen, Judge, Respondents.

No. 279S37.

Supreme Court of Indiana.

Oct. 31, 1979.

338

Peter G. DePrez, Terry, Robison & De-Prez, Shelbyville, Richard W. Cardwell, Ober, Symmes, Cardwell, Voyles & Zahn, J. Richard Kiefer, Indianapolis, for relators.

George R. Tolen, Judge, Shelby Superior Court and Shelby Juvenile Court, Shelbyville, for respondents.

GIVAN, Chief Justice.

This is an original action filed by relators following our denial of a temporary writ of mandate and prohibition. The sole question raised is whether respondents' issuance of "Amended Local Juvenile Rule 1," which restricted dissemination of information regarding juvenile offenders was lawful and within respondents' jurisdiction. We find the rule proper and accordingly deny the petition for a permanent writ.

On May 15, 1978, respondents issued the following order:

"The Court having reviewed its records for the past 7 years and being concerned about the commission of criminal acts by juveniles, in the exercise of its discretion, directs that the files of all juveniles charged with acts of delinquency which would be considered criminal acts if committed by an adult, are now ordered removed from confidential status and placed on the open record for the newspaper and radio media. . . . "

However, the respondents rescinded that order on December 6, 1978, saying in part:

"With reluctance and a deep sense of regret, the Court now rescinds and revokes its Order of May 15, 1978, and now declares that all matters involving juvenile delinquency or dependency which are the subject of juvenile jurisdiction in Shelby County or in which an agency contemplates referral to the Juvenile Court are affirmed as confidential not to be released to any one other than parents, authorized social agencies and units of local government."

Following relators' challenge to the rescission and a hearing thereon, respondents issued findings of fact and conclusions of law, as well as "Amended Local Juvenile Rule 1." Relators then sought a writ of mandate and prohibition from this Court.

Original actions are viewed with extreme disfavor by this Court. Writs of mandate and prohibition will be issued only

where the Court is under an absolute duty to act or refrain from acting and where the failure of this Court to act would result in substantial injustice. Accordingly, we will not, by way of issuance of a writ, disturb a discretionary ruling of a court. *State ex rel. White v. Marion Sup. Ct.* (1979) Ind., 391 N.E.2d 596, 70 Ind.Dec. 166; *State ex rel. Sendak v. Marion Sup. Ct.* (1978) Ind., 373 N.E.2d 145.

■ The Indiana Juvenile Code provides: "The court may conduct the hearing in an informal manner, and may adjourn the hearing from time to time. The names of the child or children, their parents, guardian or custodian, and the nature of the offense shall be a public record, if the court, in its discretion, shall so order and direct; and public admittance or participation in the chambers of the trial court shall be within the discretion of the trial court. In exercising its discretion, the court shall consider that the best interest of the public welfare and the protection of the public security generally is served by the public's ability to gain knowledge concerning:

"(a) the alleged commission of an act which would constitute a felony if committed by an adult; and

"(b) alleged offenses which are part of a repetitive pattern of juvenile offenses. If the names and alleged offenses are made a matter of public record, the court shall make available for inspection its disposition of the case."

IC § 31–5–7–15 [Burns Supp.1978] (repealed effective October 1, 1979.)

The Code further provides that under certain circumstances the court may order the destruction of a reformed juvenile's official records along with the files and records in the hands of the sheriff, the chief of police and the superintendent of a penal or educational institution. IC § 31–5–7–16; IC § 31–5–8–1. These statutes unquestionably vest in a juvenile court the sound discretion to order publication or non-publication of juvenile records held by the court or outside agencies.

Amended Local Juvenile Rule 1, filed by respondents on January 5, 1979, reads in part as follows:

"In order to effectuate the provisions of IC 31–5–8–1, Ic 31–5–7–15 and IC 31–5–7–16, this rule declares all juvenile records, reports and incidents confidential.

"The Clerk of this Court and all law enforcement agencies, after consultation with the Court, may adopt rules and regulations for the enforcement of this rule not inconsistent with this rule and statutory laws.

"Application for release of information in any juvenile matter may be made in writing, by any interested party, filed in the action in which the juvenile is involved, and submitted to the Court for approval. A prompt ruling will be made."

Respondents have merely implemented the statutory scheme. As the rule states, any interested party may file an application for release of information in a juvenile matter. Once filed, the respondents will then apply the statutory standards set forth in IC § 31–5–7–15 and, of course, may also consider any other pertinent factors bearing upon the particular case before the judge in arriving at a decision.

■ Only one portion of the order is overbroad. Respondents have ordered that all juvenile "incidents" be kept confidential. This, we think, sweeps too broadly. The Juvenile Code is designed to protect only the juvenile and his record. It rarely affects the release of information regarding the actual incident. We therefore reiterate our instruction to respondents at the hearing on the petition for a temporary writ that the portion of the rule which orders juvenile incidents confidential must be expunged. In all other respects, however, the rule is entirely consistent with Indiana law and the policy of protecting juveniles from dissemination of information regarding minor offenses. In fact, although the question is not before us, we think that respondents' order of May 15, 1978, which made public the files in certain types of juvenile

cases, was unlawful. Under IC § 31–5–7–15, each case is to be judged on its merits. The clear implication from the statute is that blanket rules are not to be issued. Hence, respondents did not err in rescinding the order of May 15, 1978.

Relators contend that the case of *State ex rel County Welfare Board of Starke County v. Starke Cir. Ct.* (1958) 238 Ind. 35, 147 N.E.2d 585 is dispositive here. In that case the *Starke* Circuit Court had ordered the Welfare Board to turn over to the court all the case histories and other papers relevant to the administration of the welfare program in Starke County so that the court could conduct a full-scale investigation of the Board's activities. This Court held that the court had no authority to issue such an order:

> "The functions which respondents here propose to exercise are purely executive and administrative, and not only is there no constitutional or statutory provision which vests such authority in the circuit court, but the supervisory power over the administration of County Departments of Public Welfare is specifically lodged in the State Board of Public Welfare."

238 Ind. at 43, 147 N.E.2d at 588.

In the case at bar, however, IC § 31–5–7–15 and 16, and IC § 31–5–8–1, have vested wide discretion in juvenile courts to determine whether juvenile records should be published. Hence, the *Starke County* case does not control.

Relators further argue that the respondents' rule is an impermissible prior restraint on the First Amendment's guarantee of freedom of the press. Prior restraints on publication by the press bear a heavy presumption against their constitutional validity. There must be a substantial justification for the restraint before it can survive constitutional attack. *Nebraska Press Ass'n v. Stuart* (1976) 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683. The subject matter of the restraint in the case at bar is a sensitive area: juvenile reports and records. As the United States Supreme Court stated in the case of *In Re Gault* (1967) 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, "there is no reason why, consistently with due process, a State cannot continue, if it deems it appropriate, to provide and to improve provision for the confidentiality of records of police contacts and court action relating to juveniles." 387 U.S. at 25, 87 S.Ct. at 1442, 18 L.Ed.2d at 545. Recently the Supreme Court refused to question the interest of the State "as a matter of its own policy in the administration of criminal justice to seek to preserve the anonymity of a juvenile offender." *Davis v. Alaska* (1974) 415 U.S. 308, 319, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347, 355. In view of these authorities and in light of the historical importance of protecting juveniles from publication of such matters, we hold there is ample justification for the statutory policy of permitting the release of juvenile information only after a determination by a court of law. We further hold that this important interest overwhelms any interest the press may have in publishing such information.

Accordingly, the petition for a permanent writ of mandate and prohibition is hereby denied.

HUNTER, PIVARNIK and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result without opinion.