Dear Senate Littlefield,
¶ 0 Attorney General Loving has received your letter requesting an Attorney General Opinion addressing, in effect, the following question:
What is the definition of a restaurant for purposes of 68 O.S.50010 (1991) et seq. ("The Tourism Promotion Act")?
¶ 1 The Oklahoma Tourism Promotion Act ("the Act") is codified at 68 O.S. 50010 (1991) et seq. Section 68 O.S. 50014 of the Act creates a revolving fund consisting of, among other items, the taxes collected pursuant to 68 O.S. 50012 (1991). Section 68 O.S. 50012 levies a gross receipts tax of 1/10 of one percent on sales of food and drink by hotels, restaurants, and bars. This section provides in pertinent part:
 A. There is hereby levied a gross receipts tax of one-tenth of one percent (1/10 of 1%) on the gross receipts from the sales of the following:
* * *
 2. Any food, confection, or drink sold or dispensed by hotels, restaurants or bars, and sold for immediate consumption upon the premises or delivered or carried away from the premises for consumption elsewhere. For purposes of the Oklahoma Tourism Promotion Act the term restaurant shall include commercial cafeterias that primarily serve the general public and shall not include those cafeterias operated within a licensed hospital.
¶ 2 Originally, subsection 68 O.S. 5001(A)(2) of the above-quoted statute provided for the following to be taxed:
 Any food, confection, or drink sold or dispensed by hotels, restaurants, bars, or other similar dispenser, and sold for immediate consumption upon the premises or delivered or carried away from the premises for consumption elsewhere. For purposes of the Oklahoma Tourism Promotion Act, "other similar dispensers" shall not include retail stores commonly recognized as grocery stores or convenience grocery stores.
68 O.S. 50012(A)(2) (1987) (emphasis added).
¶ 3 A 1988 amendment to Section 68 O.S. 50012(A)(2) deleted the above emphasized language. Therefore, any reference to "other similar dispenser," and any exemption for grocery stores or convenience grocery stores was removed.
¶ 4 Taxability under the Act requires that a sale of food, confection or drink occur at one of the listed entities (i.e.,
hotel, restaurant or bar) and that the item be consumed on the premises or delivered or carried away for consumption. Your request seeks a clear definition of restaurant.
¶ 5 Neither the Act nor the Oklahoma Tax Commission, the agency which is primarily responsible for enforcement of the Tourism Promotion Act, has specifically defined the term restaurant. Tax Commission Rule 710:75-1-4 provides:
 Tourism tax shall be levied on the gross receipts from the sale of the following:
 2. Food and drink dispensed by, including but not limited to:
A. Hotels;
B. Restaurants;
C. Bars;
D. Clubs;
 E. Commercial cafeterias that primarily serve the general public.
¶ 6 In the absence of a contrary definition of the words in an act, it must be assumed that the Legislature intended the words to have the same meaning as that attributed to them in ordinary and usual parlance. Riffe Petroleum Co. v. Great National Corp.,Inc., 614 P.2d 576 (Okla. 1980). The term restaurant is defined as [a] place where meals are served to the public. THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, 1108 (New College Edition (1976)).
¶ 7 Tax statutes are to be given a reasonable construction with a view toward carrying out the legislative purpose and intent, and such intention is to be determined from the language of the entire act. Affiliated Management Corp. v. Oklahoma Tax Com'n,570 P.2d 335, 337 (Okla. 1977).
¶ 8 Pursuant to Section 68 O.S. 50012, the sale must be made for "immediate consumption upon the premises or delivered or carried away from the premises for consumption elsewhere." When read in combination with the dictionary definition, the statute provides a working definition.
¶ 9 The term restaurant includes establishments which sell prepared food for consumption either on or off premises. The definition of restaurant for purposes of the Act includes establishments where patrons consume food on the premises which has been sold on the premises. It also includes establishments where patrons "carry out" prepared food sold on the premises. The definition also is applicable to sales of prepared food delivered from the premises.
¶ 10 Under the above definition an entity which sells groceries and prepared food for consumption on or off premises would be, as to the prepared food, a restaurant. The entity would have to remit the Tourism Tax on the restaurant, but not grocery, sales. Because food is sold for immediate consumption on or off premises, a snack bar, or other food service operation within a department store, would be a restaurant for purposes of the Act.
¶ 11 It cannot be doubted that such a definition produces gray areas and it is difficult to formulate a test that may be used in all situations. However, the term restaurant is not so broad as to be read to refer to all food sellers. Taxability under the restaurant sale provision requires a determination that the seller is in fact a restaurant, and whether a particular operation is a restaurant within the meaning of the Act depends upon the analysis of the particular facts and circumstances of each case. The Attorney General's office is not authorized to make factual determinations. 74 O.S. 18b(5) (1993).
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that for purposes of the Oklahoma Tourism Promotion Act,68 O.S. 50010 (1991) et seq., a restaurant is an establishmentwhere food, confection or drink is sold on the premises forimmediate consumption either on the premises or elsewhere bycarry-out or delivery.
An entity which sells groceries, prepared food for consumptionon or off premises, and other items would be, as to the preparedfood, a restaurant for purposes of the Act.
SUSAN BRIMER LOVING Attorney General of Oklahoma
DOUGLAS F. PRICE Assistant Attorney General