2001 OK 49

WORLD PUBLISHING COMPANY, an Oklahoma corporation, Petitioner,

v.

The Honorable Russell C. MILLER, Judge of the District Court of Creek County, 24th Judicial District, Respondent,

and

Robert Wayne Rotramel, an Individual, Real Party in Interest.

No. 95,519.

Supreme Court of Oklahoma.

June 12, 2001.

As Corrected Oct. 1, 2001.

Rehearing Denied Oct. 4, 2001.

J Schaad Titus, Tulsa, OK, For Petitioner, World Publishing Company.

E. Clyde Kirk, Assistant Attorney General, Brandon D. Watkins, Assistant Attorney General, Oklahoma City, OK, For Respondent, Honorable Russell C. Miller.

Craig D. Corgan, Oklahoma Indigent Defense System, Sapulpa, Craig Sutter, Oklahoma Indigent Defense System, Norman, For Real Party in Interest, Robert Wayne Rotramel.

KAUGER, J.:

¶1 The original action presents a single issue:[1] whether 10 O.S. Supp.1999 § 7307–1.2(F) through (H)[2] mandate a judicial order

---

1. In *World Publishing Co. v. Honorable April Sellers White*, 2001 OK 48, 32 P.3d 835, also decided today, we resolved the issues relating to the release of the adult's juvenile court and law enforcement records holding that: 1) juvenile court and law enforcement records of individuals charged with the crimes enumerated in 10 O.S. Supp.1997 § 7306–1.1 are open records pursuant to 10 O.S. Supp.1999 § 7307–1.2(C)(2); and 2) under the facts presented—an adult charged with committing heinous crimes against children, failure to release the juvenile court and law enforcement records was an unauthorized use of judicial force.

2. Title 10 O.S. Supp.1999 § 7307–1.2(F) through (H) provides:

"F. Except as otherwise required by state or federal law, the confidential records listed in subsection A of this section may only be inspected, released, disclosed, corrected or ex-

prior to the release of records exempted from the general confidentiality requirements by subsection 7307–1.2(C) of the statute.[3] We hold that it does. Therefore, we assume original jurisdiction and deny the writ.[4]

## FACTS

¶2 On August 23, 2000, the adult real party in interest, Robert Wayne Rotramel (Rotramel/adult), was charged with multiple crimes including first degree murder, kidnapping, lewd molestation, rape and forcible sodomy. The charges arose from an incident in which Rotramel allegedly kidnapped seven and twelve year old girls, forced them into an abandoned home, strangled the seven year old to keep her quiet and raped and sodomized the twelve year old.

¶3 In an attempt to gain access to Rotramel's juvenile records, the petitioner, World Publishing Company (World Publishing/newspaper), filed a motion to intervene in the criminal cause. Rotramel filed a motion to dismiss asserting that the newspaper was not a party to the criminal action and lacked standing to intervene. The trial judge, Honorable Russell C. Miller (respondent judge), sustained the motion and advised World Publishing that access to the records should be sought in a proceeding pursuant to 10 O.S. Supp.1999 § 7307–1.2(F) through (H).

¶4 World Publishing filed an application to assume original jurisdiction and a petition for

punged pursuant to an order of the court. Except as otherwise provided in Section 601.6 of this title or any provision of this chapter, no subpoena or subpoena duces tecum purporting to compel disclosure of confidential information or any confidential juvenile record shall be valid.

G. An order of the court authorizing the inspection, release, disclosure, correction or expungement of confidential records shall be entered by the court only after a review of the records by the court and a determination by the court, with due regard for the confidentiality of the records and the privacy of persons identified in the records, that a compelling reason exists and such inspection, release or disclosure is necessary for the protection of a legitimate public or private interest.

Except for district attorney records, any court order authorizing the disclosure, release or inspection of a confidential juvenile record may be conditioned on such terms and restrictions as the court deems necessary and appropriate.

H. Upon the filing of a petition for inspection, release, disclosure, or correction of a juvenile record, the court shall set a date for a hearing and shall provide a thirty-day notice to all interested parties, the person who is the subject of the record if the person is eighteen (18) years of age or older, or to the parents of a child if the child is less than eighteen (18) years of age, and to the attorneys of record, if any. The hearing may be closed at the discretion of the court."

3. Title 10 O.S. Supp.1999 § 7307–1.2 provides in pertinent part:

"A. Except as provided by this section or as otherwise specifically provided by state or federal laws, the following juvenile records are confidential and shall not be open to the general public, inspected, or their contents disclosed:
1. Juvenile court records;
2. Agency records;
3. District attorney's records;
4. Law enforcement records;
5. Nondirectory education records; and
6. Social records....
C. The confidentiality requirements of subsection A of this section for juvenile court records and law enforcement records shall not apply:
1. Upon certification of an individual pursuant to Section 7306–1.1 of this title;
2. Upon the charging of an individual pursuant to Section 7306–1.1 of this title;
3. To a violation of any traffic regulation or motor vehicle regulation of Title 47 of the Oklahoma Statutes, or to a violation of any city ordinance or county resolution which relates to the regulation of traffic on the roads, highways or streets, or to the operation of self-propelled or nonself-propelled vehicles of any kind in this state;
4. To a juvenile who is fourteen (14) years of age or older and who has been adjudicated delinquent and who subsequently comes before the juvenile court on a new delinquency matter after July 1, 1995;
5. To a juvenile adjudicated a delinquent for committing a delinquent act which, if committed by an adult, would be a felony offense that is a crime against the person or a felony offense involving a dangerous weapon;
6. To arrest records of a juvenile arrested for committing an act, which if committed by an adult, would be a felony offense; or
7. To a violation of the Prevention of Youth Access to Tobacco Act...."

4. Original jurisdiction is assumed under the Court's exercise of general superintending control over the district court. The Okla. Const. art. 7, § 4. See also, *Funnell v. Cannon*, 1978 OK 166, ¶2, 577 P.2d 1287.

writ of mandamus on November 17, 2000. Rotramel and the respondent judge filed responses on December 11, 2000, and December 22, 2000, respectively.

## ¶5 THE PROVISIONS OF 10 O.S. SUPP. 1999 § 7307–1.2(F)–(H) MANDATE A JUDICIAL ORDER BEFORE THE RELEASE OF RECORDS EXEMPTED FROM THE GENERAL CONFIDENTIALITY REQUIREMENTS OF THE STATUTE.

¶6 World Publishing argues that the procedural protections afforded by 10 O.S. Supp. 1999 § 7307–1.2(F) through (H) have no application to juvenile court and law enforcement records opened pursuant to one of the exceptions contained in 10 O.S. Supp.1999 § 7307–1.2(C). The respondent judge and Rotramel contend that there was no duty to release the records in the criminal proceeding and that World Publishing lacked standing to intervene in the cause.[5]

¶7 Legislative intent[6] controls statutory interpretation.[7] Intent is ascertained from the whole act in light of its general purpose and objective[8] considering relevant provisions together to give full force and effect to each.[9] The Court presumes

that the Legislature expressed its intent and that it intended what it expressed.[10] Statutes are interpreted to attain that purpose and end[11] championing the broad public policy purposes underlying them.[12] Only where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed.[13] However, where the statutory language is ambiguous or uncertain, a construction is applied to avoid absurdities.[14] When construing a statute, the Court does not limit itself to the consideration of a single word or phrase. Rather, we look to the various provisions of the relevant legislative scheme to ascertain and give effect to the legislative intent.[15] Nevertheless, the plain and ordinary meaning of the language utilized is the standard for determining intent.[16]

¶8 Title 10 O.S.1999 § 7307–1.2 states the general rule of confidentiality governing juvenile causes specifically listing five categories of records which shall be deemed confidential. Subsection 3 of the statute provides a list of seven situations or occurrences under which the general rule of confidentiality does not apply. Subsections F through H of the statute describe a procedure under which

---

5. Because we determine that the records could not be released without meeting the procedural requirements of 10 O.S. Supp.1999 § 7307–1.2(F)(H), see note 2, supra, we need not reach the standing argument or explore further the jurisdiction of the respondent judge.

6. *Nealis v. Baird,* 1999 OK 98, ¶35, 996 P.2d 438; *Cooper v. State ex rel. Dept. of Public Safety,* 1996 OK 49, ¶10, 917 P.2d 466.

7. *Smicklas v. Spitz,* 1992 OK 145, ¶8, 846 P.2d 362; *Clifton v. Clifton,* 1990 OK 88, ¶7, 801 P.2d 693; *Fuller v. Odom,* 1987 OK 64, ¶4, 741 P.2d 449.

8. *McSorley v. Hertz Corp.,* 1994 OK 120, ¶6, 885 P.2d 1343; *Oglesby v. Liberty Mut. Ins. Co.,* 1992 OK 61, ¶8, 832 P.2d 834; *Smicklas v. Spitz,* see note 7, supra.

9. *Haney v. State,* 1993 OK 41, ¶5, 850 P.2d 1087; *Public Serv. Co. of Oklahoma v. State ex rel. Corp. Comm'n,* 1992 OK 153, ¶8, 842 P.2d 750.

10. *Minie v. Hudson,* 1997 OK 26, ¶7, 934 P.2d 1082; *Darnell v. Chrysler Corp.,* 1984 OK 57, ¶5, 687 P.2d 132.

11. *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City,* 1995 OK 62, ¶5, 901 P.2d 800, cert. denied, 516 U.S. 1029, 116 S.Ct. 674, 133 L.Ed.2d 523 (1995); *Wilson v. State of Oklahoma ex rel. Oklahoma Tax Comm'n,* 1979 OK 62, ¶5, 594 P.2d 1210; *Affiliated Mgt. Corp. v. Oklahoma Tax Comm'n,* 1977 OK 183, ¶10, 570 P.2d 335.

12. *Haggard v. Haggard,* 1998 OK 124, ¶1, 975 P.2d 439; *Price v. Southwestern Bell Tel. Co.,* 1991 OK 50, ¶7, 812 P.2d 1355.

13. *State ex rel. Dept. of Human Serv. v. Colclazier,* 1997 OK 134, ¶9, 950 P.2d 824; *Matter of Estate of Flowers,* 1993 OK 19, ¶11, 848 P.2d 1146.

14. *In re Holt,* 1997 OK 12, ¶25, 932 P.2d 1130; *Cox v. Dawson,* 1996 OK 11, ¶5, 911 P.2d 272; *TXO Production Corp. v. Oklahoma Corp. Comm'n,* 1992 OK 39, ¶7, 829 P.2d 964.

15. *McNeill v. City of Tulsa,* 1998 OK 2, ¶8, 953 P.2d 329.

16. *Community Bankers Ass'n of Oklahoma v. Oklahoma State Banking Bd.,* 1999 OK 24, ¶26, 979 P.2d 751; *State ex rel. Public Employees Relations Bd.,* 1998 OK 92, ¶14, 967 P.2d 1214.

confidential records described in the statute "may only" be inspected, released, disclosed corrected or expunged "pursuant to an order of the court." When issuing an order opening records under the statute, the court must give due regard for the inherent confidentiality of the records and the privacy of persons identified therein. In issuing such an order, the judicial officer has the authority to condition release on terms and restrictions deemed necessary. When a petition is filed requesting that confidential records be released, notice is given and a hearing may be held.

■ ¶ 9 Despite the language of the statute indicating that records "may only" be released "pursuant to an order of the court," World Publishing contends that once one of the seven factors identified by subsection C of the statute occurs, the records are automatically opened and there is no need for judicial intervention or review. The argument is unconvincing.

■ ¶ 10 The language in the statute is clear. The Legislature has utilized a restrictive phrase, "may only",[17] in conjunction with the requirement for release of the otherwise confidential records. Further, the Legislature has provided that the inspection, release, disclosure, correction or expungement of these records shall occur upon the happening of a specific act—"pursuant to order of the court." This Court does not read exceptions into a statute not made by the Legislature.[18] Further, a statute affecting the public interest and promoting justice which prescribes the manner of performance is generally mandatory.[19]

¶ 11 Second, where the Legislature intended that records should be released without

court order, it has spoken. Subsection M of the statute at issue—10 O.S. Supp.1999 7307-1.2 [20]—allows a school district where the juvenile is currently enrolled to inspect the records without court order. Title 10 O.S. Supp.1996 § 7307–1.3 allows participating agencies to access otherwise confidential records in accordance with the rules adopted pursuant to the Serious and Habitual Juvenile Offender Act, 10 O.S. Supp.1995 § 7302–9.1 et seq. Section 7307–1.4 of title 10 allows the inspection and disclosure of juvenile court records without court order by a variety of individuals, agencies, tribal organizations and state and federal officials for use in their respective official capacities. Under similar circumstances in 10 O.S. Supp.2000 § 7307–1.5, Department of Juvenile Justice agency records are made available for inspection without court order.

¶ 12 The Legislature did not provide that the records at issue in 10 O.S. Supp.1999 § 7307–1.2(C) could be released without court order. However, when the Legislature intended for access to be provided without judicial intervention, it did so specifically.

¶ 13 Third, when otherwise confidential records are released, it is not only the individuals whose records are sought who may be affected. Other juveniles, parental authorities or victims may well be identified in the documents. Pursuant to 10 O.S. Supp. 1999 § 7307–1.2(F), the trial court is to give due regard to the privacy of individuals identified in the records and may condition the release of the records on the terms and restrictions it deems necessary and appropriate. There is nothing in the language of subsection C denominating the occurrences which justify release of the individual's rec-

**17.** The terms "may only" or "shall only" are intended as restrictive language when utilized by a legislative body. *Alliance for Affordable Energy v. Council of the City of New Orleans*, 677 So.2d 424, 430 (La.1996), *rehearing denied.* See also, *Carl J. Herzog Foundation, Inc. v. University of Bridgeport*, 243 Conn. 1, 699 A.2d 995, 1001 (1997).

**18.** *Case–Aimola Properties, Inc. v. Thurman*, 1988 OK 30, ¶ 9, 752 P.2d 1120; *Grand River Dam Auth. v. State*, 1982 OK 60, ¶ 25, 645 P.2d 1011; *Matter of Mid-America Peterbilt*, 1979 OK 52, ¶ 16, 593 P.2d 499.

**19.** *State v. Smith*, 1958 OK CR 6, ¶ 13, 320 P.2d 719; *State v. Muldoon*, 67 R.I. 80, 20 A.2d 687, 693 (1941).

**20.** Title 10 O.S. Supp.1999 § 7307–1.2(M) provides in pertinent part:

"The confidential records listed in subsection A of this section may be inspected and their contents disclosed without court order to a school district in which the child who is the subject of the record is currently enrolled...."

ords indicating that other persons named in the records should lose their anonymity. Further, in only one situation identified in § 7307–1.2 is there any provision for noting on juvenile records that they are no longer subject to the general confidentiality requirements of the statute.

¶ 14 Subsection D of the statute provides that after July 1, 1995, courts having jurisdiction over delinquent adjudications shall note on the record of juveniles over the age of 14 that subsequent juvenile court records shall not be confidential.[21] Without the issuance of a court order or a notation on records indicating that they are no longer confidential, court clerks presented with requests for such information would be placed in the untenable position of attempting to determine whether any exception to confidentiality was applicable—a traditionally judicial function[22] —and would be placed in jeopardy of being charged with a misdemeanor for making the incorrect choice.[23]

■ ¶ 15 Based on the statutory language utilized in the statutory provisions at issue and the legislative scheme providing for the release of otherwise confidential information without judicial intervention in limited circumstances, we hold that the provisions of 10 O.S. Supp.1999 § 7307–1.2(F) through (H) mandate judicial approval prior to the release of records exempted from the general confi-

dentiality requirements of 10 O.S. Supp.1999 § 7307–1.2(C).[24]

## CONCLUSION

¶ 16 Juvenile judges are given discretion for a reason. Regularly, they deal with these special cases. They know the public pressures and probable public responses of their communities. They have the experience of getting to know the children generally and how they react to the system. Finally, they are on the front lines and have the opportunity to familiarize themselves with the accused. The Legislature has recognized the importance of the exercise of judicial discretion when otherwise confidential records may be subject to release. Speaking through its legislative voice, it has left to the courts the duty of issuing the appropriate orders once release is mandated. Pursuant to the restrictive language utilized in 10 O.S. Supp. 1999 § 7307–1.2 and the legislative scheme providing for the release of otherwise confidential information without the protection of a judicial order in limited circumstances, we hold that the provisions of 10 O.S. Supp.1999 § 7307–1.2(F) through (H) mandate judicial approval prior to the release of records exempted from the general confidentiality requirements by subsection 7307–1.2(C) of the statute. Original jurisdiction is assumed and the writ is denied.

**21.** Title 10 O.S. Supp.1999 § 7307–1.2(D) provides:

"Following the first adjudication as a delinquent, the court having jurisdiction shall note on the juvenile court record of the person that any subsequent juvenile court records shall not be confidential; provided, the child is at least fourteen (14) years of age or older. Any juvenile court record which becomes an open juvenile record as provided by this subsection may be expunged as provided in Section 7307–1.8 of this title.

The provisions of this subsection shall only apply to the juvenile court records and law enforcement records of juvenile offenders certified, charged or adjudicated on and after July 1, 1995."

**22.** *State ex rel. Plain Dealer Publishing Co. v. Geauga County,* see note 24, infra; *State* ex rel. *Shelbyville Newspapers, Inc. v. Shelby Superior Court,* see note 24, infra; *Matter of A.S.,* see note 24, infra.

**23.** See, 10 O.S. Supp.1996 § 7307–1.3(B); 10 O.S. Supp.2000 § 7307–1.4(B); and 10 O.S. Supp.2000 § 7307–1.5(B).

**24.** This determination is bolstered by research revealing that in the three cases in which the necessity for judicial intervention is addressed under circumstances similar to those presented here, each court recognized the need for judicial intervention based not only on the statutory language involved but also on the traditional role a juvenile judge plays in matters involving minors. *State ex rel. Plain Dealer Publishing Co. v. Geauga County Court of Common Pleas,* 90 Ohio St.3d 79, 734 N.E.2d 1214, 1218–19 (2000); *State ex rel. Shelbyville Newspapers, Inc. v. Shelby Superior Court,* 272 Ind. 42, 396 N.E.2d 337, 339 (1979); *Matter of A.S.,* 570 So.2d 1247, 1248 (Ala.Ct.Civ.App.1990), *rehearing denied, cert. denied.*

ORIGINAL JURISDICTION ASSUMED;
WRIT DENIED.

¶ 17 HARGRAVE, C.J., WATT, V.C.J.,
HODGES, OPALA, KAUGER, and
WINCHESTER, JJ., concur.

¶ 18 LAVENDER, BOUDREAU, and
SUMMERS, JJ., dissent.