2010 OK CIV APP 10

**UNITED GENERAL CONTRACTORS, OWN RISK # 75022, Petitioner,**

v.

**Robert CAMPBELL and the Workers' Compensation Court, Respondents.**

No. 106,852.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 8, 2009.

Certiorari Denied Jan. 25, 2010.

---

Larry C. Brawner, R. Dean Lott, Brawner Law Office, Oklahoma City, OK, for Petitioner.

John S. Oldfield, Jr., Oldfield & Graves, Oklahoma City, OK, for Respondents.

ROBERT DICK BELL, Presiding Judge.

¶ 1 Petitioner, United General Contractors (Employer), seeks review of an order of a three-judge panel of the Workers' Compensation Court (Panel) awarding Respondent, Robert Campbell (Claimant), 160 weeks of permanent partial disability (PPD) for an injury to Claimant's lower back. Employer contends Claimant's injury was admitted and medical expenses have been paid, but argues that Claimant had already received 385 weeks of PPD for a prior injury and is not entitled to more than 135 weeks of PPD compensation. We sustain the Panel's order.

¶ 2 Claimant was injured on May 5, 2005. Employer paid Claimant's medical expenses and PPD for 385 weeks. Claimant requested a trial on the issue of PPD, and on October 22, 2008, the trial court found Claimant to be 32% permanently partially disabled and granted an award of 160 weeks of compensation. The Panel unanimously affirmed the decision of the trial court. Employer now appeals. Employer contends the Panel erred in its award of PPD benefits because the award of 160 weeks of PPD exceeds the maximum allowed by The Workers' Compensation Act, 85 O.S.2001 § 1 *et seq.* (Act), because Claimant has previously received 385 weeks of compensation for PPD.

¶ 3 The record shows Claimant sustained an on-the-job injury on April 14, 1987, and received an award of 15% PPD to the neck and 12% to the right shoulder, amounting to 135 weeks of compensation for PPD. There was a specific finding of no low back injury. Subsequently, Claimant reopened his case on a change of condition for the worse and the court found him to be permanently totally disabled in 1991. Claimant drew permanent total disability (PTD) benefits for a period of time, then returned to the workforce. Following a period of rehabilitation and restorative care, Claimant reopened the case on a change of condition for the better and settled the case for 50% PPD to the body as a whole, or an additional 250 weeks of compensation for PPD. Claimant drew a total of 385 weeks of compensation for PPD as a result of the April 14, 1987, injury. Claimant's compensation for PTD is not at issue.

¶ 4 Claimant began working for Employer in 1998. He was a truck driver and also cleaned and steamed fuel tanks. He injured his lower back in 2005 and has since undergone four lower back surgeries. Claimant admits to drawing a total of 385 weeks of compensation for his 1987 neck and right shoulder injury, but contends the present injury is to his lower back, not his neck and shoulder. He argues his lower back injury is a distinct, single event injury to the lumbar area of his back.

¶ 5 Citing 85 O.S. Supp.2005 § 22(7), Employer contends Claimant was entitled to no more than 135 weeks of PPD benefits because he had already received 385 weeks of PPD benefits for his previous injuries. Section 22(7) states in relevant part:

Previous Disability. The fact that an employee has suffered previous disability or impairment or received compensation therefore shall not preclude the employee from compensation for a later accidental personal injury.... The sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund and awards for amputations, and surgeries, shall not exceed one hundred percent (100%) permanent partial disability for any individual. An individual may not receive more than five hundred twenty (520) weeks' compensation for permanent partial disability, but may receive other benefits under the Workers' Compensation

Act if otherwise eligible as provided in the Workers' Compensation Act.

Employer argues Claimant's award of 160 weeks of PPD benefits is excessive because when added to his previous 385 weeks of PPD benefits, the total exceeds 520 weeks of PPD compensation. Claimant maintains the two limitations provisions set forth above (the 100% total PPD limitation and the 520 weeks of PPD compensation limitation) must be read in conjunction, and that the exceptions provided in the first limitation provision, specifically the surgeries exception, apply to the second provision to support the award at issue.

¶ 6 "Statutory construction presents a question of law. Questions of law are reviewed by a *de novo* standard. Under this standard, we have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal ruling." *Fanning v. Brown*, 2004 OK 7, ¶ 8, 85 P.3d 841, 845. (internal citations omitted). "Legislative intent controls statutory interpretation. Intent is ascertained from the whole act in light of its general purpose and objective considering relevant portions together to give full force and effect to each." *World Pub. Co. v. Miller*, 2001 OK 49, ¶ 7, 32 P.3d 829, 832 (citations omitted). The purpose of the Workers' Compensation "Act is to compensate injured workers for loss of earning power and disability to work." *Wal–Mart Stores, Inc. v. Switch*, 1994 OK 59, ¶ 7, 878 P.2d 357, 359. The first sentence of § 22 specifically and clearly provides that a previous injury or award of compensation "shall not preclude the employee from compensation for a later accidental personal injury...." Moreover, the Oklahoma Supreme "Court has repeatedly held that workers' compensation laws must be liberally construed in favor of injured employees." *Switch* at ¶ 5, 878 P.2d at 359.

¶ 7 In light of the foregoing, we conclude the Panel's award of 160 weeks' PPD benefits was proper under § 22(7). Claimant has not been awarded more than 100% permanent partial disability. Furthermore, it is undisputed Claimant's current injury to his low back is separate and distinct from his previous injuries to his neck and right shoul-

der, the injuries were sustained in two separate accidents, and Claimant has undergone four surgeries for his current injuries. We believe the logical interpretation of § 22(7) is to apply the exceptions for the Multiple Injury Trust Fund, amputations and surgeries to the provision limiting the receipt of PPD to 520 weeks. Because the 160 weeks permanent partial disability determined for Claimant's low back injury is a result of his four surgeries, it is excluded from the 520 weeks maximum limit for PPD. On this basis, we hold the Panel's decision is supported by competent evidence. *See Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶ 12, 684 P.2d 548, 552 (a panel's order will be sustained if supported by any competent evidence).

¶ 8 SUSTAINED.

MITCHELL, C.J. (sitting by designation), concurs.

BUETTNER, J., dissenting.

¶ 9 I respectfully dissent. The language of 85 O.S.2001 § 22(7) provides two limitations on life time permanent partial disability awards:

1) The sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund and awards for amputations, and surgeries, shall not exceed one hundred percent (100%) permanent partial disability for any individual.

2) An individual may not receive more than five hundred twenty (520) weeks' compensation for permanent partial disability, but may recover other benefits under the Workers' Compensation Act if otherwise eligible as provided in the Workers' Compensation Act.

¶ 10 The limitations are not related to each other. It is logical for the Legislature to provide that after a worker has received awards equaling 100% permanent partial disability, then no additional disability may be awarded, and provide an exception for amputations, surgeries, and Multiple Injury Trust Fund awards.

¶ 11 Similarly, the Legislature could cap lifetime PPD payments to 520 weeks (10

years), with the exception of other benefits, e.g. TTD, medical treatment, medications.

¶ 12 Each limitation has exceptions which the Legislature chose not to apply to the other. The majority has chosen a confusing construction to a clearly written statute. I would vacate the award and remand for an award of PPD of 135 weeks.