Question Submitted by: Director Stan Florence, Oklahoma State Bureau of Investigation
2016 OK AG 8
Decided: 10/19/2016
Oklahoma Attorney General Opinions

Cite as: 2016 OK AG 8, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does the requirement under 2016 Okla. Sess. Laws ch. 181, § 2
[1] that a felony arrestee must pay the court clerk a DNA fee of One Hundred Fifty Dollars ($150.00) violate the Oklahoma Constitution, United States Constitution, or other applicable law?
2. Would it violate the Oklahoma Constitution, United States Constitution, or other applicable law for the court clerk to collect a DNA fee of One Hundred Fifty Dollars ($150.00) from a person arrested for a felony offense if DNA samples were not actually being collected from arrestees or tested due to the unavailability of funds?
I.
Background
¶1 In 1996, the Legislature established an Oklahoma State Bureau of Investigation ("OSBI") Offender Database, requiring a DNA sample to be taken from certain inmates convicted of sexual and violent offenses and forwarded to the OSBI for DNA profiling and storage in the OSBI DNA Offender Database. 1996 Okla. Sess. Laws ch. 153, § 3 (codified at 74 O.S.Supp.1996, § 150.27a).[2] Later versions of the statute required a DNA sample to be collected from every person convicted of a felony offense. Sanchez v. State, 2009 OK CR 31, ¶ 47, 223 P.3d 980, 998 (citing 74 O.S.Supp.2006, § 150.27a). The availability of the DNA Offender Database has proven to be an invaluable tool for Oklahoma law enforcement officers. For instance in 2004, DNA evidence collected pursuant to this statute was used to solve the cold case of a University of Oklahoma student who was brutally raped and murdered in 1996. Id. ¶ 14, 989. 
¶2 In Maryland v. King, _ U.S. _, 133 S. Ct. 1958, 1971 (2013), the United States Supreme Court upheld the collection of a defendant's DNA sample after arrest for a serious offense, through the use of a buccal swab, reasoning that "[w]hen probable cause exists to remove an individual from the normal channels of society and hold him in legal custody, DNA identification plays a critical role in serving those interests."[3] Thereafter, on April 26, 2016, the Oklahoma Legislature amended Section 1313.2(H) of Title 20. Formerly, this statute stated: "Any person convicted of a felony offense shall pay a DNA fee of One Hundred Fifty Dollars ($150.00). This fee shall not be collected if the person has a valid DNA sample in the OSBI DNA Offender Database at the time of sentencing." 2009 Okla. Sess. Laws ch. 442, § 1.[4] The new version of this statute, scheduled to take effect on November 1, 2016, provides:

Any person arrested or convicted of a felony offense or convicted of a misdemeanor offense of assault and battery, domestic abuse, stalking, possession of a controlled substance prohibited under Schedule IV of the Uniform Controlled Dangerous Substances Act, outraging public decency, resisting arrest, escaping or attempting to escape, eluding a police officer, Peeping Tom, pointing a firearm, unlawful carry of a firearm, illegal transport of a firearm, discharging of a firearm, threatening an act of violence, breaking and entering a dwelling place, destruction of property, negligent homicide or causing a personal injury accident while driving under the influence of any intoxicating substance shall pay a DNA fee of One Hundred Fifty Dollars ($150.00). This fee shall not be collected if the person has a valid DNA sample in the OSBI DNA Offender Database at the time of sentencing.

20 O.S.Supp.2016, § 1313.2(H)(1). As set forth above, the amended Section 1313.2(H)(1) retains the last sentence: "This fee shall not be collected if the person has a valid DNA sample in the OSBI DNA Offender Database at the time of sentencing." Id. (emphasis added). 
¶3 House Bill 2275 further enacted a new section of law which provides:

Subject to the availability of funds, a person eighteen (18) years of age or older who is arrested for the commission of a felony under the laws of this state or any other jurisdiction shall, upon being booked into a jail or detention facility, submit to deoxyribonucleic acid (DNA) testing for law enforcement identification purposes in accordance with Section 150.27a of Title 74 of the Oklahoma Statutes and the rules promulgated by the Oklahoma State Bureau of Investigation (OSBI) for the OSBI Combined DNA Index System (CODIS) Database. DNA samples shall be collected by the arresting authority as qualified pursuant to subsection B of this section. Convicted or arrested individuals who have previously submitted to DNA testing pursuant to this section or Section 991a of Title 22 of the Oklahoma Statutes and for whom a valid sample is on file in the OSBI CODIS Database shall not be required to submit to additional testing.

2016 Okla. Sess. Laws ch. 181, § 1(emphasis added).[5] 
¶4 You have asked, in effect, whether under the amended Section 1313.2(H)(1) of Title 20, an arrestee may, consistent with the state and federal constitutions, or other applicable law, be required to pay the court clerk for the collection of DNA evidence upon arrest, regardless of whether that arrest ultimately leads to a conviction. You further ask whether this legal analysis would change if the court clerk were to collect the fee even though the DNA was not being collected or tested due to the unavailability of funds.
II.
The amended version of Section 1313.2(H)(1) of Title 20 continues the practice of collecting a DNA fee at the time of conviction and sentencing. 
¶5 In interpreting legislative enactments, we begin with the text of the statute itself. World Pub. Co. v. Miller, 2001 OK 49, ¶ 7, 32 P.3d 829, 832. "If the language is plain and clearly expresses the legislative will, further inquiry is unnecessary." Ledbetter v. Howard, 2012 OK 39, ¶ 12, 276 P.3d 1031, 1035. In amending Section 1313.2(H)(1), the Legislature chose to continue the practice of collecting the $150 DNA fee "at the time of sentencing" by retaining this sentence: "This fee shall not be collected if the person has a valid DNA sample in the OSBI DNA Offender Database at the time of sentencing." 20 O.S.Supp.2016, § 1313.2(H)(1).
¶6 Because Section 1313.2(H)(1) of Title 20 indicates that "[t]his fee" shall not be collected until "the time of sentencing," we find that the amended Section 1313.2(H) continues the practice of imposing the $150 DNA fee at the time of sentencing. Therefore, the $150 DNA fee prescribed in Section 1313.2(H)(1) may lawfully be enforced at the time of conviction and sentencing. Given the plain language of amended Section 1313.2(H)(1), it is not necessary to decide whether the collection of the DNA fee at the time of a defendant's arrest for a felony offense would violate the federal or state constitutions.

¶7 It is, therefore, the official Opinion of the Attorney General that:
The DNA fee required by amended Section 1313.2(H)(1) of Title 20 may legally be imposed at the time the arrestee is convicted and sentenced for the felony crime because the amended subpart (H)(1) continues the practice of collecting a One Hundred Fifty Dollar ($150.00) DNA fee at the time of sentencing.

E. Scott Pruitt
Attorney General of Oklahoma
Theodore M. Peeper
Assistant Attorney General
FOOTNOTES
[1] Amending 20 O.S.2011, § 1313.12, eff. Nov. 1, 2016 [hereinafter 20 O.S.Supp.2016 § 1313.12]. 
[2] The statute contemplates the collection of blood or saliva samples. See 74 O.S.Supp.2015, § 150.27a. 
[3] As the opinion explained, a buccal swab is a DNA sample taken by applying a cotton swab or filter paper to the inside of the individual's cheeks. King, 133 S. Ct. at 1965. 
[4] Amending 20 O.S.Supp.2008, § 1313.2, eff. Jul. 1, 2009. 
[5] To be codified at 22 O.S.Supp.2016, § 210 (eff. Nov. 1, 2016.) 

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2009 OK CR 31, 223 P.3d 980, 
SANCHEZ v. STATE
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 49, 32 P.3d 829, 72 OBJ 1807, 
WORLD PUBLISHING CO. v. MILLER
Discussed

 
2012 OK 39, 276 P.3d 1031, 
LEDBETTER v. HOWARD
Discussed

Title 20. Courts

 
Cite
Name
Level

 
20 O.S. 1313.2, 
Fine - Penalty - Punishment
Discussed at Length

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 210, 
DNA Testing Upon Arrest - Collection, Analysis, Destruction, and Expungement of DNA Samples
Cited

Title 74. State Government

 
Cite
Name
Level

 
74 O.S. 150.27a, 
Establishment of OSBI DNA Offender Database
Discussed at Length