STATE of Oklahoma ex rel. Charles NESBITT, Attorney General, Petitioner,

v.

Henry FORD, Roy Smith, and Eugene D. Dozier, Respondents.

No. 42222.

Supreme Court of Oklahoma.

Sept. 19, 1967.

**936**

Charles Nesbitt, Atty. Gen., Joseph C. Muskrat, William Penn Lerblance, Asst. Attys. Gen., for petitioner.

David Hall, County Atty., William H. Means, Asst. County Atty., for respondent County Assessor of Tulsa County, Oklahoma.

Curtis P. Harris, County Atty., Granville Scanland, Asst. County Atty., for respondent County Assessor of Oklahoma County, Okla.

Eugene Dozier, County Assessor of Canadian County, pro se.

Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, McClelland, Collins, Sheehan, Bailey, Bailey & Short, James B. White, Mark Meister, Robinson, Robertson & Barnes, Oklahoma City, amici curiae.

JACKSON, Chief Justice.

In 1957, 1963, and 1964, the Attorney General of this State wrote official opinions wherein he expressed doubt as to the constitutional validity of some of the tax exemptions contained in 11 O.S.1951 (1961) Sec. 481. He concluded, however, that since Section 481 had been treated as constitutional by interested officials for a period of fifty years that it should continue to be treated as constitutional until a court of competent jurisdiction holds otherwise.

On June 6, 1966, the Honorable Charles Nesbitt, then Attorney General, issued an official opinion to the County Attorney of Stephens County in which he concluded that portions of 11 O.S.Supp.1965, Secs. 481 and 482, are unconstitutional in part as

granting unauthorized exemptions from municipal taxes.

In October, 1966, the Honorable Charles Nesbitt, Attorney General, brought this action in this court wherein he requests this court to assume original jurisdiction and issue a writ of mandamus to the County Assessors of Oklahoma, Tulsa, and Canadian Counties, directing them to (1) remove unconstitutional city tax exemptions appearing on the ad valorem tax rolls in Oklahoma, Tulsa, and Canadian Counties purportedly authorized by 11 O.S.Supp. 1965, Secs. 481 and 482, and (2) cause said properties to be taxed according to law and the Constitution of Oklahoma.

The Tulsa County Assessor's verified answer shows that he is following Attorney General Nesbitt's 1966 opinion and has removed from the exemption lists all properties unconstitutionally exempted by the provisions of 11 O.S.Supp.1965, Secs. 481 and 482. His answer is not controverted.

The County Assessor of Canadian County has filed answer stating that he is allowing the exemptions provided for in 11 O.S.Supp.1965, Secs. 481 and 482, and requests this court to correctly advise him so that he may be able to assess properties in Canadian County in compliance with constitutional law.

The County Assessor of Oklahoma County has filed no answer.

The respondents have not filed briefs but the County Assessor of Oklahoma County has expressed the view through his attorneys that the briefs of the Attorney General and counsel amicus curiae adequately cover all of the legal questions raised.

The briefs of the Attorney General and counsel amicus curiae have been very helpful but in order not to unduly lengthen this opinion their views and contentions will not be specifically stated. Acceptable arguments will be reflected in the results of this opinion.

■ This court is authorized to and may take original jurisdiction and issue writs of mandamus, Art. 7, Sec. 2, Okla.Const., 12 O.S.1961, Sec. 1451, to executive officers commanding them to perform ministerial duties where the question raised is publici juris. Homesteaders v. McCombs, 24 Okl. 201, 103 P. 691, 38 L.R.A., N.S., 1000; State ex rel. Freeling v. Lyons, 63 Okl. 285, 165 P. 419.

■ All property owners in Oklahoma, Tulsa, and Canadian Counties who pay municipal taxes, as well as those who claim municipal tax exemptions under 11 O.S. Supp.1965, Secs. 481 and 482, and the people in all municipalities in the State which have annexed, or propose to annex large areas, are interested in a decision of the question presented. The fact that some County Assessors are following Attorney General Nesbitt's opinion dated June 6, 1966, and some are not, indicates the necessity for a decision in this case. Under the circumstances here presented this court should, and does, assume jurisdiction.

At the outset it is noticed that petitioner prays for mandatory relief, which for convenience we have divided into two counts. He asks this court to require the respondents to remove unconstitutional city tax exemptions appearing on the ad valorem tax rolls in their counties which are purportedly authorized by 11 O.S.Supp.1965, Secs. 481 and 482, and (2) require the respondents to cause the exempted property to be taxed according to law and the Constitution of Oklahoma. We now address our remarks to the first count. It is not suggested that the provisions of 11 O.S.1961, Sec. 6, are involved in this case.

Art. 5, Sec. 50, Okla.Const., provides:

"The Legislature shall pass no law exempting any property within this State from taxation, except as otherwise provided in this Constitution."

Art. 10, Sec. 6, Okla.Const., sets forth properties which are exempted from taxation in Oklahoma, and further provides:

"Provided, That all property not herein specified now exempt from taxation under the laws of the Territory of Okla-

homa, shall be exempt from taxation *until otherwise provided by law.*" (Emphasis supplied.)

Under territorial law (Wilson's Revised and Annotated Statutes of Oklahoma 1903, Section 458) provision was made for annexing adjacent territory to a city, and in said section it was further provided:

"Provided, That tracts of land in excess of five acres used for agricultural purposes shall not be subject to city taxes."

■ The people of Oklahoma in adopting Art. 10, Sec. 6, and the exemption provided for in Sec. 458, Wilson's Revised Statutes, supra, approved this exemption perpetually and without restriction. The words in Art. 10, Sec. 6, supra, "until otherwise provided by law", simply authorized the Legislature to reduce or eliminate the exemption. We are of the view that subsequent legislatures were given as much freedom to control the exemption, within the constitutional limitation, as was given to the first Legislature in 1907–1908. We have examined the cases cited but find none of them decisive of the specific question presented.

■ Having concluded that the Constitution authorizes annexed tracts of land in excess of five acres used for agricultural purposes to be exempted from city taxes we must determine what provisions, if any, of 11 O.S.Supp.1965, Secs. 481 and 482, are not within these constitutional limitations.

■ That part of 11 O.S.Supp.1965, Sec. 481, which provides that "tracts of land in excess of forty acres shall not be subject to city taxes when located within a city or town and when used for industrial or commercial purposes" is not authorized by Art. 10, Sec. 6, and the territorial statute, Sec. 458, supra, unless authorized under 11 O.S. 1961, Sec. 6, and constitutes no authority for classifying such tracts as exempt from city taxes.

■ That part of 11 O.S.Supp.1965, Sec. 481, which provides that "all horses, cattle, mules, asses, sheep, swine, goats and other livestock and all agricultural implements and machinery and household goods located thereon, shall not be subject to city taxes, unless the city or town affected furnishes municipal services as ordinarily furnished to city residents," is unauthorized by Art. 10, Sec. 6, and the territorial statute, Sec. 458, supra, and constitutes no authority for classifying such property as exempt from city taxes without regard to whether municipal services are furnished.

Art. 10, Sec. 6, supra, requires that 11 O.S.Supp.1965, Sec. 481, be construed to provide in pertinent part as follows:

"and provided further, that tracts of land in excess of five acres utilized by persons engaged in farming or ranching shall not be subject to city taxes unless the city furnishes municipal services as ordinarily furnished to city residents."

■ That part of 11 O.S.Supp.1965, Sec. 482, which provides that "all horses, cattle, mules, asses, sheep, swine, goats, and other livestock, and all agricultural implements and machinery and household goods located thereon shall not be subject to city or town taxes, unless the city or town affected furnishes municipal services as ordinarily furnished to city or town residents; and provided further, that tracts of land in excess of forty (40) acres shall not be subject to municipal taxes when located within a city or town and when used for industrial or commercial purposes", is unauthorized by Art. 10, Sec. 6, and the territorial statute, Sec. 458, supra, and unless authorized under 11 O.S.1961, Sec. 6, constitutes no authority for classifying any of such properties as exempt from city taxes.

Art. 10, Sec. 6, requires that 11 O.S.Supp. 1965, Sec. 482, be construed to provide in pertinent part as follows:

"provided, that tracts of land in excess of five acres utilized by persons engaged in farming or ranching shall not be subject to city taxes unless the city furnishes municipal services as ordinarily furnished to city residents."

Petitioner's prayer, which we have designated as count two (2) would require respondent county assessors to cause the property now appearing on tax rolls to be taxed according to law and the Constitution of Oklahoma. It is our understanding from the pleadings that the respondents are allowing the exemptions complained of solely because they are of the view that 11 O.S.Supp.1965, Secs. 481 and 482, are not violative of Art. 5, Sec. 50, and Art. 10, Sec. 6, Okla.Const., or that they should not treat them as violative of the cited constitutional provisions until a court of competent jurisdiction so holds. It is not suggested that they are allowing the exemptions upon any other constitutional grounds. Until they do it is our view that petitioner is not entitled to a writ of mandamus upon grounds not asserted by them.

Amicus curiae presents several reasons other than those assigned by respondents, as to why the exemptions should not be removed from the tax rolls. No reply brief has been filed in response to amicus curiae's brief and for this reason, and others, this is not the optimum time or forum for deciding such contentions. Those who may claim exemptions are not before the court, and while it is very doubtful if an adverse decision on the assignments urged by amicus curiae would be binding upon those who claim exemptions, such a decision would undoubtedly be prejudicial to them. A decision on some of the assignments could best be determined after hearing testimony.

In 4 Am.Jur.2d Amicus Curiae, § 3, it is said that amicus curiae "must accept the case before the court with the issues made by the parties. Thus, an amicus curiae may not raise issues as to the constitutionality of a statutory provision where such issue is not raised by the parties to the action." In the instant case the parties have not raised the constitutional questions sought to be presented by amicus curiae.

In Southwestern Osteopathic Sanitarium v. Davis, County Treasurer, 115 Okl. 296, 242 P. 1033, and in Board of County Com'rs v. Central Baptist Church, 136 Okl. 99, 276

P. 726, 63 A.L.R. 1327, we quoted with approval from Kansas City Exposition Driving Park v. Kansas City, 174 Mo. 425, 74 S.W. 979, as follows:

"The burden is on the party claiming the (tax) exemption to point to the law exempting him from taxation, and such law must be clear and unambiguous. Such statutes and constitutional provisions are construed with strictness and most strongly against those claiming the exemption."

In Board of Equalization v. Indian Territory Illuminating Oil Co., 159 Okl. 15, 13 P.2d 585, we held that there are no implied exemptions from taxation, and a relinquishment of such right by the state will not be presumed, unless a deliberate purpose to relinquish it appears.

Since the questions presented by amicus curiae are debatable we are of the view that they should be reserved for consideration in a trial court by those claiming tax exemptions.

In State ex rel. Goldsborough v. Huston, 28 Okl. 718, 116 P. 161, we held:

"The district court may hear and determine any matters left open by the mandate of this court, and judgment rendered and entered thereon can be reviewed in this court by a new proceeding in error only."

What we hold, and all we hold, is that the exemptions provided for in 11 O.S.Supp. 1965, Secs. 481 and 482, and herein determined to be unauthorized under the constitutional provisions herein considered, are not sufficient justification for the county assessor respondents to classify such properties as exempt from city taxes.

In the brief of amicus curiae it is said that in deciding a matter of this consequence "involving a span of almost sixty years", this court should, in any event, impose safeguards to avoid retrospective application of any decision which may be adverse to affected taxpayers, citing Oklahoma County v. Queen City Lodge No. 197, I.O.O.F., 195 Okl. 131, 156 P.2d 340; State

ex rel. Tharel v. Board of County Com'rs of Creek County, 188 Okl. 184, 107 P.2d 542; 16 C.J.S. Constitutional Law § 101; 16 Am.Jur.2d Constitutional Law, Sec. 188; Wade v. Board of Com'rs of Harmon County, 161 Okl. 245, 17 P.2d 690; Great Northern R. Co. v. Sunburst Oil and Ref. Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360, 85 A.L.R. 254. See also "Techniques of Prospective Overruling", by Walter V. Schaefer, Justice, Supreme Court of Illinois, appearing in Vol. 38 O.B.A.J., August 26, 1967, at page 1659.

In Wade v. Board of Com'rs of Harmon County, supra, this court said:

"* * * The general rule is that laws are presumed to be constitutional, and ministerial officers may safely rely thereon and follow them until they are held unconstitutional or until such officers are advised by the proper officers that they are unconstitutional. * * *."

In an official opinion of the Attorney General dated May 11, 1957, and addressed to General Counsel of the Oklahoma Tax Commission and to the County Attorney of Oklahoma County, it was said:

"During this period of approximately fifty years, the statute (11 O.S.1951 (1961); Sec. 481) has apparently been treated as valid and constitutional by interested officials. We are not familiar with any decision of Oklahoma's Supreme Court wherein the constitutionality of said statute was decided.

"It is therefore believed that the tax exemption provisions contained in 11 O.S.1951 § 481 should be treated as valid and constitutional unless and until a court of competent jurisdiction holds otherwise." (These conclusions were reiterated in official opinions of the Attorney General in 1963 and 1964.)

The equities in this case do not authorize retroactive application of our decision herein. In State ex rel. Dawson v. Dinwiddie, 186 Okl. 63, 95 P.2d 867, this court said:

"A writ of mandamus may properly, in court's discretion, be denied when its issuance would create confusion, especially in connection with the fiscal affairs of a governmental subdivision of the State."

In State ex rel. St. Louis-San Francisco Ry. Co. v. Boyett, 183 Okl. 49, 80 P.2d 201, this court said:

"Courts, in the exercise of their discretion, may, in view of the serious public consequences attendant on the issuance of a writ of mandamus, refuse the writ in a proper case, though petitioner would otherwise have a clear legal right for which mandamus is an appropriate remedy."

Consistent with the views above expressed we hold that the tax exemptions provided for in 11 O.S.Supp.1965, Secs. 481 and 482 which are unauthorized under the provisions of Art. 5, Sec. 50, and Art. 10, Sec. 6, Okla.Const., as above noted, constitute no authority for classifying such property as exempt from city taxes and such properties should be classified for city taxes beginning with the tax year 1968.

Having full confidence that respondents will discharge their duties in accord with the views herein expressed, the writ of mandamus, for the purposes of this case is not essential, and will not be awarded. St. Louis & S. F. R. Co. v. Messenger, 26 Okl. 590, 110 P. 893.

IRWIN, V. C. J. and DAVISON, WILLIAMS, BLACKBIRD, BERRY, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., concurs in result.