LAND USED FOR AGRICULTURAL PURPOSES — TAX EXEMPTION Tax exemption provided in 11 O.S. 481 [11-481] — 11 O.S. 482 [11-482] (1969), is limited to tracts of land in excess of five acres, used for agricultural purposes, annexed pursuant to the statute cited as 11 O.S. 481 [11-481] — 11 O.S. 482 [11-482] (1969), unless the municipality furnishes municipal services thereto as ordinarily furnished city residents. The opinion of the Attorney General to the Honorable R. F. Barry, et al., dated May 11, 1957, and subsequent opinions based thereon, including opinions Nos. 63-499, 63-523, 64-129, 64-360 and 66-460 are superseded by this opinion to the extent that those opinions are inconsistent with the conclusions expressed herein. All conclusions reached in the opinions above enumerated, not inconsistent with this opinion, are reaffirmed. The Attorney General has considered your request for an official opinion wherein you, in effect, ask: Is the tax exemption provided in 11 O.S. 481 [11-481] and 11 O.S. 482 [11-482] (1969), limited to tracts in excess of forty acres used for agricultural purposes, or does the same include such tracts in excess of five acres. In your letter you refer to Attorney General's Opinion No. 65-406 dated June 6, 1966, and State v. Ford, Okl. 434 P.2d 934
(1967); we held in Attorney General's Opinion No. 65-406, supra, that the exemption applied to tracts in excess of forty acres used for agricultural purposes annexed pursuant to such statute unless the municipality furnishes municipal services thereto as ordinarily furnished city residents. The apparent conflict arises from certain language in State v. Ford, supra, wherein the Supreme Court stated at page 938 as follows: "The people of Oklahoma in adopting Article X, Section 6 and the exemption provided for in Section 458, Wilson's Revised Statutes, supra, approved this exemption perpetually and without restriction. The words in Article X, Section 6 supra, 'until otherwise provided by law', simply authorized the legislature to reduce or eliminate the exemption. We are of the view that subsequent legislatures were given as much freedom to control the exemption, within the constitutional limitation, as was given to the first legislature in 1907-1908. We have examined the cases cited but find none of them decisive of the specific question presented." In the next paragraph the court stated: "Having concluded that the constitution authorizes annexed tracts of land in excess of five acres used for agricultural purposes to be exempt from city taxes we must determine what provisions, if any, of 11 O.S. 481 [11-481] and 11 O.S. 482 [11-482] (1965), are not within the constitutional limitation." After concluding that certain provisions of Section 481 were not authorized, again on page 938 of the opinion, the Supreme Court stated: "Article X, 6, supra, requires that 11 O.S. 481 [11-481] (1965), be construed to provide in pertinent part as follows: "'And provided further, that tracts of land in excess of five acres utilized by persons engaged in farming or ranching shall not be subject to city taxes unless the city furnishes municipal services as ordinarily furnished to city residents."' At the bottom of page 938, the court reached the same conclusion regarding the interpretation of 11 O.S. 482 [11-482] (1965). Under our constitution, the exemption in 11 O.S. 481 [11-481] and 11 O.S. 482 [11-482] may be sustained, if at all, under the following portion of Article X, Section 7 : "Provided, that all property not herein specified now exempt from taxation under the laws of the Territory of Oklahoma, shall be exempt from taxation until otherwise provided by law . " Sections 481 and 482, supra, had their inception in the laws of the first Territorial Assembly in 1890. Section 657 of the Statutes of 1890 (ch 15, Article V, Section 5), provided in part: ". . . . Provided, that tracts of land in excess of five acres used for agricultural purposes shall not be subject to city taxes. . . ." The above language was retained through various amendments until the adoption of the constitution in 1907. See Oklahoma Statutes, 1893, 631; S.L. 1895, p. 85; Wilson's Revised Statutes of Oklahoma, 1903, 458. H.B. 295, 1st (1907-08) Legislature, S.L. 1907-08, p. 178, amended the above language to read: "Provided, that tracts of land in excess of forty acres shall not be subject to city taxes." This amendment would have the effect both of curtailing and extending the tax exemption existing under Territorial law. The previous exemption was curtailed to the extent that the minimum size of exempt tracts was increased from five to forty acres; and the exemption was extended by removing its limitation to land "used for agricultural purposes". In County Assessors v. United Brotherhood of Carpenters and Joiners, 202 Okl. 162, 211 P.2d 790, the Supreme Court held: ". . . . The legislature is vested with power, Article X, Section 6 Constitution, to qualify, curtail, or annul any exemption from taxation but it is without power to grant exemptions other than those recognized by the constitution or to enlarge exemptions so recognized. . . ." In the same case, the Supreme Court established the following test of the validity of a statute seeking to amend or change exemptions from taxation existing under Territorial law: ". . . . But since the act is ineffective to enlarge the exemption beyond that fixed under Territorial law the same is to be measured thereby except to the extent, if any, it is curtailed by the 1941 law. . . ." Under this rule, the amendment of 1907-08 had the effect of continuing the Territorial exemption from city taxes only as to tracts of land in excess of forty acres used for agricultural purposes. The 1907-08 amendment, supra, remained the law of Oklahoma until amended by the Legislature in 1963 when Section 481, supra, was amended to provide, in part, as follows: "Provided, further, that tracts of land in excess of five acres utilized by persons engaged in farming or ranching, . . . shall not be subject to city taxes, unless the city or town affected furnished municipal services as ordinarily furnished to city residents. " The same language was included, by amendment, in Section 482, supra, in 1965. The 1963 amendment to Section 481, supra, sought, among other things, to restore the exemption to tracts in excess of five acres used for agricultural purposes as it existed under Territorial law prior to the amendment of 1907-08. The 1907-08 amendment had curtailed the exemption by increasing the minimum size of exempt tracts from tracts in excess of five acres to tracts in excess of forty acres. Article X, Section 6
Oklahoma Constitution, provides that property exempt under Territorial law shall remain exempt "until otherwise provided by law." The question is then, once the Legislature has "provided otherwise," may it later by law revert to the original exemption. It was the opinion of the Attorney General in Opinion No. 65-406, that once the Legislature repealed or curtailed such an exemption, it had expired, and it could not later be revived in whole or in part. We therefore concluded that the attempt of the 1963 Legislature to again expand the exemption by reducing the minimum size of tracts to those in excess of five acres was unconstitutional, and it remained at those in excess of forty acres. It is with this conclusion that the Supreme Court disagreed. It reasoned instead that the constitution approved the Territorial exemption "perpetually and without restriction," and the "subsequent legislatures were given as much freedom to control the exemption within constitutional limitations as was given the first legislature." Any statute passed by the Legislature expanding the exemption as it was in territorial law would be unconstitutional, but any statute curtailing the exemption would be a proper exercise of legislative power, and the Legislature, after having curtailed the exemption, was free to return the exemption as it was in Territorial statutes. It is the duty of public officers with notice thereof to follow the opinion of the Attorney General until relieved of such duty by a court of competent jurisdiction or until the Supreme Court should hold otherwise. Rasure v. Sparks, 75 Okl. 181,183 P. 495. Therefore, having concluded that State v. Ford, supra, is not wholly consistent with out previous view, modification of our opinion is necessary. Accordingly, it is the opinion of the Attorney General that the tax exemption provided in 11 O.S. 481 [11-481] and 11 O.S. 482 [11-482] (1969), is limited to tracts of land in excess of five acres, used for agricultural purposes, annexed pursuant to the statutes cited as 11 O.S. 481 [11-481] and 11 O.S. 482 [11-482] (1969), unless the municipality furnishes municipal services thereto as ordinarily furnished city residents. The opinion of the Attorney General to the Honorable R. F. Barry, et al., dated May 11, 1957, and subsequent opinions based thereon, including opinions No. 63-499, 63-523, 64-129, 64-360, and 66-460, are superceded by this opinion to the extent that those opinions are inconsistent with the conclusions expressed herein. All conclusions reached in the opinions above enumerated, not inconsistent with this opinion, are reaffirmed. (W. Howard O'Bryan Jr.)