**PAN AMERICAN PETROLEUM CORPORATION, a corporation, Appellant,**

v.

**BOARD OF TAX–ROLL CORRECTIONS OF TULSA COUNTY, Oklahoma; and James A. Parkinson, County Treasurer, Tulsa County, Oklahoma, Appellees.**

No. 44546.

Supreme Court of Oklahoma.

May 22, 1973.

T. C. McCorkle, Tulsa, for appellant.

S. M. Fallis, Jr., Dist. Atty., by Andrew B. Allen, Asst. Dist. Atty., for appellees.

IRWIN, Judge:

In State v. Ford, Okl., 434 P.2d 934, promulgated on September 19, 1967, we held that " * * * the tax exemptions provided for in 11 O.S.Supp.1965, §§ 481 and

482, which are unauthorized under the provisions of Art. 5, § 50, and Art. 10, § 6, Okla.Const., * * * constitute no authority for classifying such property as exempt from city taxes and *such properties should be classified for city taxes beginning with the tax year 1968.*" (emphasis ours)

The fundamental issue presented is whether our decision in Ford holding that "such properties should be classified for city taxes beginning with the tax year 1968", should have a uniform operation throughout the State, or whether certain properties in the City of Tulsa may be classified for city taxes prior to the tax year 1968.

The events forming the basis for these proceedings are briefly summarized. In June 1966, the Honorable Charles Nesbitt, then Attorney General of the State of Oklahoma, issued an official opinion to the County Attorney of Stephens County, in which he concluded that portions of §§ 481 and 482, supra, which exempted certain properties from municipal taxation were unconstitutional in part.

The County Assessor of Tulsa County followed the opinion of the Attorney General and in 1966 began assessing for tax purposes certain real property of Appellant, Pan American Petroleum Corporation, and others, which previously had been considered as being exempted from municipal taxation.

Pan American paid its taxes under protest. In November, 1966, it filed its Complaint of erroneous tax assessment and Petition for Correction with the Board of Tax Roll Corrections of Tulsa County. Pan American filed similar proceedings involving its 1967 taxes paid under protest. In December, 1967, the Tulsa County Board of Tax Roll Corrections denied Pan American's Complaints. Pan American appealed to the District Court of Tulsa County.

In addition to the above proceedings, Pan American filed two actions against the County Treasurer of Tulsa County to recover the taxes it had paid under protest for the years 1966 and 1967.

Pan American's appeal and its two actions against the County Treasurer were consolidated for trial. By stipulation, the only issue presented was whether this Court's decision in State v. Ford, supra, was applicable and dispositive of the issues presented.

The trial court in effect held that the Tulsa County Assessor was correct in following the opinion of the Attorney General and assessing taxes on Pan American's property; that Ford, supra, did not require the Tulsa County Board of Tax Roll Corrections to grant relief to Pan American; and that this Court's language in Ford stating "such properties should be classified for City taxes beginning with the year 1968" may not be construed to mean that "County Assessors theretofore following the law should be denied their obligation to do so."

The trial court rendered judgment against Pan American and Pan American appealed.

■ This Court recognizes that while trial courts are charged with the responsibility of making an independent judgment of the issues presented, it is the duty of public officers, such as County Assessors, with notice thereof to follow the opinion of the Attorney General until relieved of such duty by a court of competent jurisdiction or until this Court should hold otherwise. State v. District Court of Mayes County, Okl., 440 P.2d 700.

The Tulsa County Assessor was following the opinion of the Attorney General when he assessed taxes on Pan American's property; and at that time he had not been relieved of his duty to make such assessments by a court of competent jurisdiction; and this Court had not held that he should do otherwise. However, in view of our decision in Ford, the above facts do not necessarily mean that the Tulsa County Board of Tax Roll Corrections' denial of Pan American's Complaints, which denial was made after Ford was promulgated,

was correct, or that the trial court's judgment should be affirmed.

Our decision in Ford discloses that after the Attorney General had issued his opinion in June, 1966, wherein he concluded that certain parts of 11 O.S.Supp.1965, §§ 481 and 482 were unconstitutional, he commenced an original proceeding in this Court. In that proceeding he requested this Court to assume original jurisdiction and issue writ of mandamus to the County Assessors of Oklahoma, Tulsa and Canadian Counties, directing them to (1) remove unconstitutional city tax exemptions appearing on the ad valorem tax rolls, and (2) cause said properties to be taxed according to the law and the Constitution.

The Tulsa County Assessor's verified answer showed that he was following the June, 1966, opinion of the Attorney General and had removed properties from the exemption list in accordance with that opinion.

The County Assessor of Canadian County answered and stated he was allowing the exemption. The County Assessor of Oklahoma County filed no answer.

We assumed original jurisdiction because the issue presented was publici juris and some County Assessors were complying with the 1966 opinion of the Attorney General and others were not.

In discussing former opinions of the Attorney General wherein doubt was expressed concerning the constitutionality of some of the tax exemptions contained in § 481, supra, we said:

"In an official opinion of the Attorney General dated May 11, 1957, and addressed to General Counsel of the Oklahoma Tax Commission and to the County Attorney of Oklahoma County, it was said:

" 'During this period of approximately fifty years, the statute (11 O.S.1951 (1961), Sec. 481) has apparently been treated as valid and constitutional by interested officials. We are not familiar with any decision of Oklahoma's Supreme Court wherein the constitutionality of said statute was decided.

" 'It is therefore believed that the tax exemption provisions contained in 11 O. S.1951 § 481 should be treated as valid and constitutional unless and until a court of competent jurisdiction holds otherwise.' "

(These conclusions were reiterated in official opinions of the Attorney General in 1963 and 1964)

The Honorable Charles Nesbitt was not the Attorney General who issued the above (1957) opinion.

■ In considering whether our decision in Ford would be prospective or have retroactive application we said, "The equities in this case do not authorize retroactive application of our decision herein", and we held that the properties which had been previously exempted from taxation, "Should be classified for city taxes beginning with the tax year 1968."

We did not issue the writ of mandamus as requested by the Attorney General for the reason that we had full confidence that the County Assessors would discharge their duties in accordance with our decision.

It is basic under our Constitutions, both State and Federal, that all men are entitled to the equal protection of the law. Art. 10, § 5, of our Constitution provides that "Taxes shall be uniform upon the same class of subjects." Art. 5, § 59, of our Constitution prescribes that "Laws of a general nature shall have a uniform operation throughout the State, * * *." The provisions of §§ 481 and 482, supra, were laws of a general nature. Our decision in Ford, and in the present proceedings are in harmony with the foregoing constitutional provisions.

We hold that our decision in State v. Ford, supra, became operatively effective "beginning with the tax year 1968."

That portion of the trial court's judgment affirming the Board of Tax Rolls of Tulsa County's Denial of Pan American's

Complaints of erroneous tax assessments for the years 1966 and 1967, and Petitions for Correction, is reversed.

That portion of the trial court's judgment granting the County Treasurer judgment in Pan American's action to recover its taxes paid under protest is reversed and the trial court is directed to enter judgment for Pan American.

Judgment reversed with directions.

All the Justices concur.