2005 OK 71

**TWIN HILLS GOLF & COUNTRY CLUB, INC., Appellant,**

v.

**TOWN OF FOREST PARK, Appellee.**

No. 102,265.

Supreme Court of Oklahoma.

Oct. 18, 2005.

Todd Taylor, John M. Thompson and Gary W. Derrick, Oklahoma City, OK, for appellant.

Jerry Sokolosky and Jaye Mendros, Oklahoma City, OK, for appellee.

TAYLOR, J.

¶ 1 The first impression issue presented in this appeal is whether plaintiff/appellant is exempt from the duties to collect, report and remit municipal sales tax by the language in 11 O.S.2001, § 21–109(A) which provides that tracts of land in excess of forty acres annexed to a municipality and used for commercial purposes shall not be subject to municipal taxes. We conclude that 11 O.S.2001, § 21–109(A) does not shield a vendor from the obligations created by a municipal sales tax. We hold the district court did not err in granting summary judgment in favor of the defendant town of Forest Park, Oklahoma.

## I. Facts and Proceedings Below

¶ 2 Plaintiff/appellant, Twin Hills Golf & County Club, Inc. (Twin Hills), owns a tract of land in excess of forty aces on which it operates a golf and country club. In the operation of the golf and country club, Twin Hills collects state sales tax on taxable transactions and reports and remits the state sales tax to the Oklahoma Tax Commission.

¶ 3 In August of 2003, defendant/appellee, the town of Forest Park, Oklahoma (Forest Park), annexed the tract of land owned and used by Twin Hills for the golf and country club. After the annexation, Twin Hills objected to the enforcement of Forest Park's municipal sales tax in the operation of the golf and country club. Twin Hills claimed it is exempt from any obligation to collect, report and remit the municipal sales tax under 11 O.S.2001, § 21–109(A) which provides that tracts of land in excess of forty acres annexed to a municipality and used for commercial purposes shall not be subject to municipal taxes. Forest Park refused to recognize Twin Hills' claimed exempt status.

¶ 4 In March of 2004, Twin Hills filed a declaratory judgment action in the district court in Oklahoma County against Forest Park. Twin Hills asked for a ruling that it is exempt from any duty or obligation under Forest Park's taxation ordinances by 11 O.S. 2001, § 21–109. Forest Park responded that the statute is unconstitutional under *State ex rel. Nesbitt v. Ford,* 1967 OK 186, 434 P.2d 934. Both parties moved for summary judgment. The district court sustained Forest Park's motion for summary judgment and overruled Twin Hills' motion for summary judgment. Twin Hills appealed. We retained the appeal.

## II. Standard of Review

¶ 5 We must determine the meaning of the language in 11 O.S.2001, § 21–109(A) which provides that certain annexed tracts of land "shall not be subject to municipal taxes." This statutory construction issue is a question of law subject to an appellate court's plenary, independent and nondeferential reexamination. *Blitz U.S.A., Inc. v. Oklahoma Tax Commission,* 2003 OK 50, ¶ 6, 75 P.3d 883, 885. We review the district court's summary judgment *de novo. Id.*

## III. The phrase "shall not be subject to municipal taxes" in the first sentence in 11 O.S.2001, § 21–109(A) means that annexed tracts of land in excess of forty acres and used for commercial purposes shall not be subject to municipal property taxes.

¶ 6 The primary goal of any inquiry into the meaning of statutory language is to ascertain the intent of the legislature. *City of Durant v. Cicio,* 2002 OK 52, ¶ 13, 50 P.3d 218, 220; *World Publishing Co. v. Miller,* 2001 OK 49, ¶ 7, 32 P.3d 829, 834. We presume the Oklahoma Legislature expressed its intent in the statutory language. Where the language of a statute is plain and unambiguous, legislative intent and the meaning of the statute will be gleaned from

the face of the statute without resort to judicial rules of statutory construction. *Id.* Where legislative intent cannot be ascertained from the plain meaning of the statutory language, as when ambiguity or conflict with other statutes is shown to exist, judicial rules of statutory construction may be utilized. *Id.*

¶ 7 In this case, legislative intent can be ascertained from the plain meaning of the statutory language, and we need not resort to judicial rules of statutory construction. The statute, 11 O.S.2001, § 21–109, reads:

A. Tracts of land in excess of forty (40) acres which are annexed to a municipality and used for industrial or commercial purposes shall not be subject to municipal taxes. Tracts of annexed land in excess of five (5) acres which are used by persons engaged in farming or ranching and all farm animals and livestock, and all agricultural implements and machinery and household goods located on the land, shall not be subject to municipal taxes unless the municipality furnishes services to these tracts as are ordinarily furnished to municipal residents. No land which is used for agricultural purposes may be taken within the limits of a town and taxed at a greater rate than land which is adjacent to but outside the town limits.

B. On any annexation after July 1, 1998, the revenue and taxation ordinances of any municipality and the licensing and regulatory authority of any municipality shall not apply or extend to any military installation located on federal property which has been annexed in part or in whole by a municipality.

¶ 8 Without ambiguity, the above quoted subsection A concerns the taxation of real and personal property. Real and personal property in Oklahoma are subject to ad valorem taxation [1] by school districts, cities, towns, counties, Okla. Const., art. 10, § 9, and other constitutionally authorized local jurisdictions, Okla. Const., art. 10, §§ 9A, *et seq.*, but not by the State of Oklahoma.[2] Real and personal property may also be subject to municipal and county assessments for local improvements, in amounts not based on the property value, when authorized by the Legislature. Okla. Const., art. 10, § 7. Further, real and personal property may be subject to specific taxation, such as a direct inheritance tax or a registration fee.[3]

¶ 9 Without ambiguity, the above quoted subsection A is a limitation on municipal taxation of certain annexed land (real property) and certain personal property located on the annexed land. Each sentence in the subsection plainly prohibits the levy of property taxes for municipal purposes upon specifically identified annexed property. The first sentence prohibits municipal taxation of annexed tracts of land in excess of forty acres used for commercial or industrial purposes. The second sentence prohibits municipal taxation of 1) annexed tracts of land in excess of five acres used by persons engaged in farming or ranching and 2) agricultural and household personal property located on such annexed land, unless the municipality furnishes services to the annexed land. The third and final sentence in the subsection prohibits taxing of annexed land used for agricultural purposes at a rate higher than land adjacent to, but outside of, the municipality. The essence of the first sentence of the statute, reduced to its simplest form, is

1. Generally, ad valorem taxation of real property is based on the fair cash value for the highest and best use for which the property was actually used, while ad valorem taxation of personal property is based on the fair cash value estimated at the price it will bring at a fair and voluntary sale. Okla. Const., art. 10, § 8.

2. The first paragraph of Okla. Const., art. 10, § 9(a) provides for ten mills "to be apportioned between county, city, town and school district, by the County Excise Board, until such time as a regular apportionment thereof is otherwise provided for by the Legislature."

The second paragraph of Okla. Const., art. 10, § 9(a) states: "No ad valorem tax shall be levied for State purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State purposes."

3. Okla. Const., art. 10, § 12 provides that the Legislature shall have the power to impose "license, franchise, gross revenue, excise, income, collateral and direct inheritance, legacy, and succession taxes; also, stamp, registration, production or other specific taxes."

that "[t]racts ... shall not be subject to municipal taxes."

¶ 10 The legislative intent of the unambiguous language in subsection A of § 21–109 is obvious. The Legislature intended to discourage municipalities from annexing large tracts of land used primarily for agricultural and commercial or industrial purposes in order to increase the revenue from property taxes. To accomplish this legislative goal, § 21–109(A) protects **property**. Specifically, it protects real property in excess of forty acres used for industry or commerce, and it protects real and personal property used for agriculture, together with some household personal property, from municipal taxation. Accordingly, we conclude that the meaning of the phrase "shall not be subject to municipal taxes" in the first sentence in 11 O.S.2001, § 21–109(A) is that the described tracts of land shall not be subject to municipal property taxes.

¶ 11 There is no language in the above quoted subsection A that concerns any kind of municipal taxation other than the taxation of property. Although the above quoted subsection B concerns any municipal revenue and taxation ordinance, such as a sales tax ordinance, the subsection expressly limits its application to military installations on federal property annexed by a municipality. Section 21–109(B) has no application in this case.[4]

**IV. A municipal sales tax is not a tax on property; it is an excise tax; and, it is not within the limitation on municipal property tax in 11 O.S.2001, § 21–109(A).**

■ ¶ 12 Generally, taxes in Oklahoma may be categorized as property taxes, income taxes and excise taxes.[5] As already discussed, property taxes are direct taxes on real or personal property based on the value of the property. Income taxes are direct taxes on income for a specific period of time. Excise taxes are indirect taxes on activities, occupations, privileges and consumption, such as the sales and use taxes. The term "excise tax" is a general term used to distinguish it from a property tax. Whether a tax is a property tax or an excise tax is most often so apparent that there is no room for argument. However, the category of the tax is determined from its operation, and the name of the tax assigned by the taxing authority, i.e. a legislature, is not controlling.[6]

■ ¶ 13 The state sales tax is imposed upon sales to consumers in Oklahoma of specific services and tangible personal property not otherwise exempted. 68 O.S.2001, §§ 1351 and 1354. The state sales tax is an excise tax rather than a property tax or an income tax. *In re City of Enid,* 1945 OK 135, 158 P.2d 348; *see, Oklahoma Tax Commission v. Sisters of the Sorrowful Mother,* 1939 OK 539, 97 P.2d 888.

¶ 14 Municipalities are authorized to levy and collect taxes for municipal purposes as the Legislature may levy and collect for purposes of state government. 68 O.S.2001, § 2701. Accordingly, Forest Park has imposed a tax upon the sales of specific services and tangible personal property to consumers within its geographical limits similar to the state sales tax. Like the state sales tax, Forest Park's municipal sales tax is an excise tax rather than a property tax or an income tax.

■ ¶ 15 Twin Hills argues the first sentence in § 21–109(A) declaring that tracts of land in excess of forty acres which are annexed "shall not be subject to municipal taxes" exempts it from any obligations under Forest Park's municipal sales tax law. We disagree. The statute is specific only as to municipal property taxes. There is no language in § 21–109(A) from which we can glean legislative intent to prohibit other kinds of municipal taxes such as the municipal sales tax. Accordingly, we conclude that 11 O.S.2001, § 21–109(A) does not shield a

---

4. In 1998, the Legislature added subsection B to § 21–109. 1998 O.S.L., ch. 119, § 1.

5. For a primer on the categories or kinds of taxation see *Cooley on Taxation,* vol. 1, 4th ed., §§ 38–56.

6. In reenacting the Oklahoma Sales Tax Code in 1981, the Legislature stated its intent to levy an excise tax upon the sale of specified services and tangible personal property not otherwise exempted from the levy. 1981 O.S.L., ch. 313, § 3, now codified at 68 O.S.2001, §§ 1350 *et seq.*

vendor from the obligations created by a municipal sales tax.

## V. We do not address the argument that 11 O.S.2001, § 21–109(A) is unconstitutional under *State ex rel. Nesbitt v. Ford,* 1967 OK 186, 434 P.2d 934.

¶ 16 In its motion for summary judgment, Forest Park contended that .11 O.S.2001, § 21–109(A) is unconstitutional under *State ex rel. Nesbitt v. Ford,* 1967 OK 186, 434 P.2d 934. Forest Park argued that the *Nesbitt* opinion declared the 1963 version[7] of § 21–109(A) to be unconstitutional. Twin Hills responded that *State ex rel. Nesbitt v. Ford* is not controlling because § 21–109(A) is a part of the Oklahoma Municipal Code enacted several years after the *State ex rel. Nesbitt v. Ford* decision.[8]

¶ 17 In *State ex rel. Nesbitt v. Ford,* the attorney general sought writs of mandamus directing the county assessors in Oklahoma, Tulsa and Canadian Counties to remove certain commercial and industrial property from exempt status for purposes of the municipal tax levy on the ad valorem tax rolls. The *State ex rel. Nesbitt v. Ford* opinion did not expressly declare the challenged 1963 statute to be unconstitutional. Rather, it decided that tracts of land in excess of forty acres used for industrial or commercial purposes were not entitled to exempt status for purposes of municipal property taxes under the provisions of the Oklahoma Constitution, art. 5, § 50[9] and art. 10, § 6,[10] and the territorial statute § 458,[11] and that these provisions did not authorize the Legislature to exempt such tracts of land from municipal property taxes.

7. In *State ex rel. Nesbitt v. Ford,* the attorney general challenged various county assessors who applied 11 O.S.Supp.1963, § 481 so as to exempt the property tax levy for municipalities those annexed tracts of land in excess of forty acres.

8. In 1977, the Oklahoma Legislature overhauled the statutes governing municipalities by enacting the Oklahoma Municipal Code.1977 O.S.L., ch. 256.

9. Okla. Const., art. 5, § 50 reads: "The Legislature shall pass no law exempting any property within this State from taxation, except as otherwise provided in this Constitution."

¶ 18 This cause does not arise out of circumstances involving ad valorem taxation of property as in the *Nesbitt* case. As framed by the parties arguments, the instant controversy is whether Twin Hills is required to collect, report and remit Forest Park's sales tax. We decide that 11 O.S.2001, § 21–109(A) does not shield a vendor from the obligations created by a municipal sales tax. Accordingly, we do not address Forest Park's argument that 11 O.S.2001, § 21–109(A) is unconstitutional under *State ex rel. Nesbitt v. Ford,* 1967 OK 186, 434 P.2d 934.

## VI. Conclusion

¶ 19 We conclude that 1) the phrase "shall not be subject to municipal taxes" in the first sentence in 11 O.S.2001, § 21–109(A), stating that tracts of land in excess of forty (40) acres which are annexed to a municipality and used for industrial or commercial purposes shall not be subject to municipal taxes, means that such tracts of land shall not be subject to municipal property taxes; and 2) 11 O.S.2001, § 21–109(A) does not shield a vendor from the obligations created by a municipal sales tax. We hold the district court did not err in granting summary judgment in favor of the defendant town of Forest Park, Oklahoma.

**SUMMARY JUDGMENT OF THE DISTRICT COURT AFFIRMED.**

WATT, C.J., and LAVENDER, OPALA, EDMONDSON and TAYLOR, JJ., concur.

WINCHESTER, V.C.J., and HARGRAVE and KAUGER, JJ., concur in result.

COLBERT, J., not participating.

10. The applicable provision in Okla. Const., art. 10, § 6 reads: "Provided, that all property not herein specified now exempt from taxation under the laws of the Territory of Oklahoma, shall be exempt from taxation until otherwise provided by law."

11. The pre-statehood statute codified in the 1903 territorial statutes. That statute provided that "tracts of land in excess of five acres used for agricultural purposes shall not be subject to city taxes." The first Oklahoma Legislature amended that territorial statute, adding a proviso that "tracts of land in excess of forty acres shall not be subject to city taxes." 1909 Okla.Stat., § 817.

**10**

KAUGER, J., with whom WINCHESTER, V.C.J., joins, concurring in result:

¶1 I agree with the majority's result. However, I write separately because the majority's terse analysis essentially ignores the controlling statute and finds an unconstitutional statute unambiguous while leaving it intact.

¶2 Here, the town of Forest Park (Forest Park) attempted to collect municipal sales tax from Twin Hills Golf & Country Club (Twin Hills). Pursuant to 68 O.S. Supp.2003 § 2701(A),[1] a municipal government may levy and collect sales taxes. The statute provides in pertinent part:

"Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government . . ."

¶3 Twin Hills seeks exemption from any obligation to remit a municipal sales tax under the portion of 11 O.S.2001 § 21–109(A) which provides:

"Tracts of land in excess of forty (40) acres which are annexed to a municipality and used for industrial or commercial purposes shall not be subject to municipal taxes. . . ."

I agree with the majority that 11 O.S.2001 § 21–109(A)[2] is applicable only to property taxes. However, that conclusion is immaterial because Twin Hills is without any legal basis for claiming a tax-exemption under the statute. The portion of the statute relied upon by Twin Hills is unconstitutional and has been since 1967, when *State ex rel. Nesbitt v. Ford,* 1967 OK 186, ¶ 17, 434 P.2d 934 was decided.

¶4 In *Nesbitt,* several county assessors had placed city tax exemptions on the ad valorem tax rolls pursuant to 11 O.S. Supp. 1963 § 481 and 11 O.S. Supp.1965 § 482.[3]

1. The statute was amended in 2003. Because the pertinent portion of the statute is substantially the same as the prior version, references are to the most current version.

2. Title 11 O.S.2001 § 21–109(A).

3. Title 11 O.S. Supp.1963 § 481, a statute dealing with the authority to change city limits with consent of owners and the exemption of certain tracts of property to city taxes, provides:
"The city council, in its discretion, may add to the city or other territory adjacent to the city limits as it my deem proper, and shall have power to increase or diminish the city limits in such manner as in its judgment and discretion may redound to the benefit of the city. Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres with more than one residence thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the city limits without the consent hereinbefore mentioned. Provided, further, that where the territory sought to be added is separated from the city limits by an intervening strip less than four rods in width upon the land so detached by such strip it shall be considered as adjacent or abutting within the meaning of this section; and **provided further, that tracts of land in excess of forty acres shall not be subject to city taxes when located within a city or town and when used for indus-**

**trial or commercial purposes.** Provided, further, that tracts of land in excess of five acres utilized by persons engaged in farming or ranching, and all horses, cattle, mules, asses, sheep, swine, goats, and other machinery and household goods located thereon, shall not be subject to city taxes, unless the city or town affected furnishes municipal services as ordinarily furnished to city residents." (Emphasis supplied.)
Title 11 O.S. Supp.1965 § 482, which addresses annexation on a petition of three-fourths of the voters, provides in pertinent part:
"On petition in writing signed by not less than three-fourths of the legal voters and by the owners of not less than three-fourths (in value) of the property in any territory contiguous to any incorporated city or town and not embraced within the limits thereof, the city council of the city or the board of trustees of the town, as the case may be, shall by ordinance annex such territory to such city or town upon filing a copy of such ordinance with an accurate map of the territory annexed . . . ; provided that tracts of land in excess of five acres utilized by persons engaged in farming or ranching, and all horses, cattle, mules, asses, sheep, swine, goats, and other livestock, and all agricultural implements and machinery and household goods located thereon, shall not be subject to city or town taxes, unless the city or town affected furnishes municipal services as ordinarily furnished to city or town residents; and **provided, further, that tracts of land in excess of forty (40) acres shall not be subject to municipal taxes when located within a city or town and when used for industrial or commercial purposes."**(Emphasis supplied.)

Sections 481–482 were statutes concerning the authority to change city limits, annexation, and municipal tax exemptions for land larger than forty acres used for industrial or commercial purposes. In addressing the constitutionality of the municipal tax exemptions, the Court began its analysis with Okla. Const. art 5, § 50 which provides:

"The Legislature shall pass no law exempting any property within this State from taxation, except as otherwise provided in this Constitution."

The Court also noted Okla. Const. art. 10, § 6 which provides in pertinent part:

"... Provided, that all property not herein specified now exempt from taxation under the laws of the Territory of Oklahoma, shall be exempt from taxation until otherwise provided by law...." [4]

It determined that under the Okla. Const. art. 10, § 6, supra, any exemptions in existence under the laws of the Territory of Oklahoma remained effective until reduced or eliminated by the Legislature.

¶ 5 However, because neither a constitutional provision nor a territorial law permitting an exemption of municipal taxes for tracts of land in excess of forty acres and used for industrial or commercial purposes existed when the Constitution was adopted, the *Nesbitt* court, in effect, held that portion of the statute unconstitutional. In 1977, the Legislature revamped the Municipal Code codifying 11 O.S. Supp.1963 § 481 and 11 O.S. Supp.1965 § 482 [5] as 11 O.S. Supp.1977 § 21–109(A).[6] Section 21–109 is indistinguishable from those involved in *Nesbitt* and consequently, it was unconstitutional when it was enacted by the Legislature and it remains so today.

¶ 6 I agree that statutory construction can be utilized to avoid the need to resolve constitutional conflicts. However, we cannot use an unconstitutional statute to realize this goal. I would resolve the present cause by applying the controlling statute, 68 O.S. Supp.2003 § 2701,[7] and finding that *State ex rel. Nesbitt v. Ford*, 1967 OK 186, ¶ 17, 434 P.2d 934 is irrelevant to the disposition of this cause—except to the extent that it reaffirms that the pertinent portions of 11 O.S. 2001 § 21–109 are invalid.

---

4. This provision of the Constitution was amended in 1984, 1986, and 1992. However, the pertinent portion remains substantially unchanged.

5. Title 11 O.S. Supp.1963 § 481, see note 3, supra; 11 O.S. Supp.1965 § 482, see note 3, supra.

6. Title 11 O.S. Supp.1977 § 21–109, a statute entitled taxation of annexed territory provides: "Tracts of land in excess of forth (40) acres which are annexed to a municipality and used for industrial or commercial purposes shall not be subject to municipal taxes. Tracts of annexed land in excess of five (5) acres which are used by persons engage in farming or ranching, and all farm animals and livestock, and all agricultural implements and machinery and household goods located on the land, shall not be subject to municipal taxes unless the municipality furnishes services to these tracts as are ordinarily furnished to municipal residents. No land which is used for agricultural purposes may be taken within the limits of a town and taxed at a greater rate than land which is adjacent to but outside the town limits." The current version of the statute's pertinent portion remains substantially unchanged.

7. Title 68 O.S. Supp.2003 § 2701.