Question Submitted by: The Honorable A.J. Griffin, Oklahoma State Senator, District 20
2017 OK AG 10
Decided: 09/07/2017
Oklahoma Attorney General Opinions

Cite as: 2017 OK AG 10, __ __

 

¶0 This office has received your request for an Official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does the exception to Section 797 of the Gift Certificate and Gift Card Disclosure Act, 15 O.S.2011, §§ 795-799, for "gift certificates or gift cards that are issued for a food product" apply to gift cards or certificates issued by a restaurant that are redeemable for food or beverages up to a specified dollar amount, but which do not identify specific food or beverage items? 2. If the answer to Question #1 is yes, may the gift certificate or gift card in question be limited to seasonal offerings (e.g., redeemable only during the Thanksgiving holiday)?
3. May a restaurant include a disclaimer on its gift cards or certificates that they will not be replaced or refunded if lost or stolen? 
I.
Background
¶1 Enacted in 2005[1] and codified in Title 15, Sections 795-799 of the Oklahoma Statutes, the Oklahoma Gift Certificate and Gift Card Disclosure Act (the "Act"), among other things, limits the use of expiration dates and imposition of service fees on gift cards and gift certificates.[2] For instance, the Act makes it unlawful for a gift certificate to expire less than 60 months from the date of purchase, and gift certificates that do not specify an expiration date are valid until redeemed or replaced. 15 O.S.2011, § 797(A), (B). Similarly, service fees are permitted only in limited circumstances and amounts, and details of any fee must be printed conspicuously on the gift certificate. Id. § 797(D).
¶2 The Act also includes exceptions for certain types of gift certificates. Relevant to your questions, the restrictions set forth in Section 797 of the Act do not apply to gift certificates "that are issued for a food product," so long as "the expiration date appears in capital letters in at least ten-point font on the front of" the gift certificate. 15 O.S.2011, § 797(C).

II.
Discussion
¶3 Your first question is whether a restaurant gift certificate that is redeemable for food or beverages up to a specified dollar amount, but which does not identify specific food or beverage items, is "issued for a food product." This question raises two distinct issues: first, whether use of the singular term "a food product" means the gift certificate must identify one specific food product; and second, whether the term "food product" includes food and beverage items offered at a restaurant. We are then presented with a third issue of whether a gift certificate subject to the "food product" exception may feature an expiration date that coincides with a seasonal offering. Finally, we must determine whether the Act limits an issuer's discretion in handling lost or stolen gift certificates.
¶4 When analyzing each issue, we look to the plain meaning of the language used in the Act. See 25 O.S.2011, § 1. Indeed, statutes must be interpreted according to their text and when the text is clear, no further inquiry into legislative intent is permitted unless a particular application will lead to absurd results. See Samman v. Multiple Injury Trust Fund, 2001 OK 71, ¶ 13, 33 P.3d 302, 307. See also Twin Hills Golf & Country Club, Inc. v. Town of Forest Park, 2005 OK 71, ¶ 6, 123 P.3d 5, 6-7 ("Where the language of a statute is plain and unambiguous, legislative intent and the meaning of the statute will be gleaned from the face of the statute without resort to judicial rules of statutory construction."). With that foundation in mind, we explore each of the four issues in turn.

A. A gift certificate "issued for a food product" encompasses gift certificates redeemable for food or beverages up to a specific dollar amount from a single vendor.
¶5 We first look at whether a gift certificate "issued for a food product" includes only those certificates that identify a singular, specific food product, or, alternatively, whether that term may encompass certificates redeemable for a broader offering of food products available from a single vendor. The Legislature's use of the singular is not dispositive on this issue. Rather, in construing Oklahoma statutes "words used in the singular number include the plural, and the plural the singular, except where a contrary intention plainly appears." 25 O.S.2011, § 25.
¶6 In reviewing the Act, we have not located anything to suggest that construing the term "a food product" as having both singular and plural meaning is somehow plainly contrary to the intent of the Act. Accordingly, the general rule applies, with the result being that a gift certificate need not specify a particular food product, but can encompass multiple food products available from a single vendor.

B. The term "food product" includes prepared food or beverages offered at a restaurant.
¶7 To determine whether the term "food product" includes food and beverage items offered at a restaurant, we look to the ordinary meaning of the term. As noted above, "[w]ords used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears[.]" 25 O.S.2011, § 1. Although the Act does not provide a definition, the ordinary meaning of "food" is "material consisting of carbohydrates, fats, proteins, and supplementary substances (as minerals, vitamins) that is taken or absorbed into the body." Webster's Third New International Dictionary 884 (3d ed. 1993). "Product" means, among other things, "something produced," while "produce" is "something that is brought forth or yielded either naturally or as a result of effort and work." Id. at 1810. Food and beverage items offered at a restaurant comport with the combination of those definitions-food, or material, that is produced by or the result of effort and work. Cf. A.G. Opin. 2000-36, at 161 (finding the common meaning of "food product" as used in a different statute to be "food produced by nature or made by human industry or art").
¶8 Further, the use of the term "food product" in other statutes related to food or meals supports a reading of "food product" that would include food and beverage items offered at a restaurant. For example, "food product" is used to describe prepared meals delivered to elderly or homebound persons. See 68 O.S.Supp.2016, § 1357(13). Accordingly, we conclude that a gift certificate "issued for a food product" includes a restaurant gift certificate that is redeemable for food or beverages up to a specified dollar amount, but which does not identify a specific food or beverage item.

C. A gift certificate meeting one of the exceptions under Section 797(C) is not subject to the Act's general limitations on expiration dates, so long as its expiration date is disclosed in the manner required by the Act.
¶9 Next, we consider whether the type of gift certificate described above may contain an expiration date associated with a seasonal event or marked by an otherwise shortened time-frame. Because such gift certificates are "issued for a food product[,]" they are excepted from the Act's general limitations on expiration dates. See 15 O.S.2011, § 797(C). However, even gift certificates that come under the Act's exceptions are subject to certain disclosure requirements. Specifically, the exceptions apply only if "the expiration date appears in capital letters in at least ten-point font on the front of" the gift certificate. Id.
¶10 Thus, while the Act unambiguously requires an excepted gift certificate to list an expiration date, nowhere does it dictate that such certificates have a minimum term. Had the Legislature intended such a requirement, it could have included one. Indeed, it did exactly that in Section 797(A)(1), which sets forth the general requirement that a gift certificate expire no less than 60 months from the date of purchase. Where the statute is silent, we are not at liberty to "impose requirements not mandated by the Legislature." Cox v. State ex rel. Okla. Dept. of Human Services, 2004 OK 17, ¶ 26, 87 P.3d 607, 617; see also A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 93 (2012) ("Nothing is to be added to what the text states or reasonably implies...a matter not covered is to be treated as not covered."). Accordingly, a gift certificate "issued for a food product" may expire at the end of a seasonal event, so long as the expiration date is disclosed in the manner required by Section 797(C).

D. A restaurant may include a disclaimer on its gift certificates that they will not be replaced or refunded if lost or stolen.
¶11 The above analysis regarding legislative silence likewise applies to your third question, which asks whether a restaurant may include a disclaimer on the face of a gift certificate that it will not be replaced if lost or stolen. While an issuer is "not required, unless otherwise required by law...to replace a gift certificate or gift card that has been lost or stolen," see 15 O.S.2011, § 798(C)(2)(b), the Act is silent as to whether a disclaimer to this effect may be printed on the gift certificate itself. The reasoning in Section II.C supra is equally applicable here. The Act does not prohibit the inclusion of such a disclaimer on the face of a gift certificate and, in the absence of such a prohibition, we may not interpret one to exist.

¶12 It is, therefore, the official opinion of the Attorney General that:
1. Gift cards or gift certificates "issued for a food product" are not subject to the requirements of 15 O.S.2011, § 797 so long as the expiration date of the gift card or gift certificate is disclosed in the manner required by 15 O.S.2011, § 797(C).
2. Gift cards or gift certificates issued by a restaurant that are redeemable for food or beverages up to a specified dollar amount, but which do not identify specific food or beverage items, are "issued for a food product" for the purposes of 15 O.S.2011, § 797(C).
3. A gift card or gift certificate "issued for a food product" may expire at the end of seasonal event, so long as the expiration date is disclosed in the manner required by 15 O.S.2011, § 797(C).
4. A restaurant may include a disclaimer on its gift cards or gift certificates that they will not be replaced or refunded if lost or stolen. 
Mike Hunter
Attorney General of Oklahoma
Taylor Henderson
Deputy Chief - Assistant Attorney General

FOOTNOTES
[1] See 2005 Okla. Sess. Laws ch. 233.
[2] While the Act's definitions of "gift card" and "gift certificate" are not identical, see 15 O.S.2011, § 796, the differences are not relevant to this opinion. Accordingly, for ease of reference we hereinafter refer to them collectively as "gift certificates."

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 71, 33 P.3d 302, 72 OBJ 2703, 
SAMMAN v. MULTIPLE INJURY TRUST FUND
Discussed

 
2004 OK 17, 87 P.3d 607, 
COX v. STATE ex rel. DEPT. OF HUMAN SERVICES
Discussed

 
2005 OK 71, 123 P.3d 5, 
TWIN HILLS GOLF & COUNTRY CLUB, INC. v. TOWN OF FOREST PARK
Discussed

Title 15. Contracts

 
Cite
Name
Level

 
15 O.S. 796, 
Definitions
Cited

 
15 O.S. 797, 
Unlawful Acts - Expiration Dates - Dormancy Fees - Refunds
Discussed at Length

 
15 O.S. 798, 
Gift Certificate or Card Constitutes Value Held in Trust - Issuer in Bankruptcy - Waiver of Rights Void
Cited

Title 25. Definitions and General Provisions

 
Cite
Name
Level

 
25 O.S. 1, 
Meaning of Words
Discussed

 
25 O.S. 25, 
Number Meaning
Cited

Title 68. Revenue and Taxation

 
Cite
Name
Level

 
68 O.S. 1357, 68 O.S. 1357, 
Exemptions - General
Cited